REED v. HAMILTON.

Under the swamp land law of 1852, sec. 11, p. 472, 1 R. S. 1852, the certificate of entry vests in the purchaser the legal title to the land therein described.

APPEAL from the *Henry* Circuit Court.

HANNA, J.—*Reed* sued *Hamilton* on the covenant of warranty and seizure in a deed of lands, averring a breach thereof, and that said lands were uncultivated and had never been in the actual possession of the plaintiff.

Answer, admitting the execution of the deed, and that the defendant had no legal title to the lands at the execution of said deed, nor at the commencement of the suit, and that the plaintiff has sustained nominal damages, and offer to confess judgment for one dollar and costs; but as to any further damage, the defendant pleaded that before the making of the deed to the plaintiff, one *Beamer* entered said land as swamp land, paid therefor, and received a certificate from the treasurer of the county where, &c., and thereby became seized in fee simple, &c., and that afterwards, and before the making

Reed *v.* Hamilton.

of said deed, plaintiff purchased of *Beamer* and paid for said land, and received an assignment of said certificate, whereby he became equitably seized, &c., and that after the commencement of this suit said *Beamer* and wife executed a deed, &c., to said defendant, wherefore, &c.

The plaintiff replied, admitting the purchase of the land by *Beamer*, and the reception of the certificate, and that the same was assigned to the defendant, but denying that it was so assigned to defendant or that defendant had paid for said land before the execution of the deed to plaintiff, but averring that such assignment was ante-dated for the purpose of cheating and defrauding the plaintiff, &c.

A demurrer to the answer was overruled, and to the reply sustained.

Judgment for the plaintiff for one dollar and costs, from which he appeals.

The only questions presented arise upon the rulings on the demurrers.

By the statute, sec. 11, p. 472, 1 R. S. 1852, "said certificate of entry shall not be assignable, but shall be evidence of title to the land mentioned therein, in the person in whose name they shall issue," &c. This has reference to the receipt or certificate given by the county treasurer to the purchaser of swamp lands. There are other sections of that statute, and of one supplemental thereto, *id.* 408, that provide minutely for the transmission to the Auditor of State of an account, &c., of sales at the end of each ninety days, by the auditor and treasurer of each county, and that the Auditor of State thereupon prepare deeds of conveyance by way of warranty to be officially signed by the Governor, and attested by the Secretary of State, and the seal of the State, recorded by the Secretary and forwarded to the treasurers of the counties, to be by them delivered to the purchaser upon the presentation of the original receipt, &c.

Did the receipt or certificate of the county treasurer transfer to, or vest in, *Beamer* the legal title to the land?

This Court decided in *Mason* v. *Smith*, 3 Blackf. 132; 5 *id*. 54, that a land office certificate, signed by the receiver of the *United States* Land Office, did not convey the legal title to public lands, but a patent executed by the President of the *United States* was requisite, &c. Legislation was therefore thought to be necessary; see statutes of 1833, p. 112, which was continued in the R. S. of 1843, p. 455. These statutes enacted directly that certain certificates, &c., should be evidence that the legal title, &c., was in the holder, &c., and made the lands subject to execution on judgment at law against the holder. See, also, 2 R. S. 1852, p. 154. In those statutes the certificates were declared " evidence of legal title; " here they are made "evidence of title," without designating the kind of title intended. The Court is of opinion, after a careful examination of all the statutes bearing upon the point, that the title vested in the purchaser was a legal title. The writer of this opinion believes it to be an equitable title only, and that the certificate is one grade of evidence of such title and presents the same, if we may so express it, in a *prima facie* form. That the deeds are required to transmit and perpetuate the evidence of said title in a more solemn form than the mere certificate of purchase would do; and might, perhaps, be more necessary because of our registration laws.

This view of the effect of the certificate perhaps disposes of the next question, namely, as to the measure of damages. It has been heretofore held, *Raub* v. *Heath*, 8 Blackf. 596, and *Wood* v. *Mansel*, 3 *id*. 130, that constructive, not actual, possession, will enable the owner to maintain an action of trespass; and again, that where a deed has been made, accepted, and possession taken under it, want of title will not enable the purchaser to recover more than nominal damages, on his covenants, while he retains the deed and possession and has

been subjected to no special damages on account of the defect. *Small* v. *Burns*, 14 Ind. 164; *Overheiser* v. *McCallister*, 10 *id.* 44; *Martin* v. *Baker*, 5 Blackf. 232. As no special damages are alleged in the case at bar, and a technical breach only is shown, nominal damages were properly assessed because no eviction was shown, but a title that might ripen into a perfect title by the continuance of possession. From this conclusion, the writer of course differs, viewing, as he does, the title by certificate as equitably only, and the possession contemplated as an actual, and not constructive, possession.

*Per Curiam.*—The judgment is affirmed, with costs.

*W. Grose*, for the appellant.

*Mellett & Martindale*, for the appellee.