*D. Moss,* for the appellants.

*G. H. Voss,* for the appellee.

---

WELLS *et al. v.* THE STATE *ex rel.* THE BOARD OF COMMISSIONERS OF LAKE COUNTY.

EVIDENCE.—A duly certified transcript, from the books of the county auditor, of the account current of the county treasurer during his term of service, is admissible in evidence under section 283 of the code, 2 G. & H. 183, against the treasurer and his sureties, in an action upon his official bond.

SAME—STATUTES CONSTRUED.—Sec. 132, 1 G. & H. 103, is not inconsistent with section 283 of the code, *supra,* but is cumulative in its provisions.

COUNTY TREASURER AND AUDITOR.—The account current kept by the auditor with the treasurer, is a public record, and if it is erroneously kept, the treasurer may, by proper proceeding, require its correction by the auditor.

APPEAL from the *Laporte* Circuit Court.

HANNA, J.—This was a suit against a county treasurer and his sureties, on his official bond, for failure to pay over to his successor the moneys in his hands, as such treasurer, at the expiration of his term of office. The pleadings were such as to form issues of fact. Trial by the Court; finding and judgment against defendants for some 8,000 dollars, over a motion for a new trial.

Wells et al. *v.* The State ex rel. The Board, &c., of Lake Co.

The only point presented to us, is upon the ruling of the Court in admitting evidence. All the evidence given was the official bond, and a certified transcript, from the books of the county auditor, of the account current of the said treasurer during his time of service. The latter was objected to, but admitted. This ruling is complained of.

The act in relation to county auditors provides that:

"Sec. 5. He shall keep an accurate account current with the treasurer of his county, and when any person shall deposit with him any receipt given by the treasurer for any money paid into the treasury, such auditor shall file such receipt, and charge such treasurer with the amount thereof." 1 G. & H. 122.

In an act in relation to county treasurers, it is provided that:

"Sec. 3. He shall give to any person, paying money to him as treasurer, a receipt therefor, which receipt, except it be for taxes, shall be deposited by such person with the auditor, who shall give him a quietus for the same." 1 G. & H. 641.

The reason the receipts given for taxes are not deposited with the county auditor is, we suppose, that the treasurer is already charged by the auditor in the account current with the full amount of taxes placed upon the duplicate, when delivered to him, and is, upon his settlement with such auditor, credited with such sums as he is entitled to as fees, and with such taxes as may be properly returned as delinquent. 1 G. & H. 102.

We have often had occasion to allude to the system of keeping public accounts and public funds in this State as one of checks and balances—one in which the auditor's books should show, at any time, the just balance against the treasurer, supposing all orders drawn to have been redeemed. The auditor is required to draw warrants, or orders, upon the treasurer of the county, for such sums as he is authorized or

required to pay out, and keep a register thereof, &c. · Sec. 4, *id.* 122. If the treasurer has the funds, he pays such orders when presented, and four times a year reports such redemptions to the auditor, and deposits with him the orders so redeemed, *id.* 642, and takes a receipt therefor, *id.*

Thus, it is apparent, that the books so kept by the auditor, in his transactions with the treasurer, are public records, open to the inspection of any person authorized to examine the same, the treasurer among others. If we are correct in this, and we think we are, it follows that section 283, p. 183, 2 G. & H., is applicable; and exemplifications or copies of such records may be admitted as evidence, under the attestation of the auditor, with the seal of office to a certificate in due form. We do not see but that the certificate, &c., annexed to the account current offered in this case, was in the requisite form. It is provided in section 132, p. 103, 1 G. & H., that "in all suits brought against any county treasurer and his sureties, the county auditor shall be a competent witness, and all books and papers belonging to his office shall, when proved by the oath of the auditor, be admissible testimony."

It can not be urged, that, as this section is confined to certain suits, therefore the particular form or class of evidence therein named must in such suits be resorted to. In other words, that the records, &c., of the auditor's office, can not in such suits be made available as evidence in any other mode than as therein provided. It may be that there are papers appertaining to an auditor's office which could not be used as provided in section 283, above referred to. And again, under said section 103, the original books, &c., would have to be produced; and when produced, evidence would be heard that they were the books of the auditor's office, or that they came from the proper repository. 1 Gr. Ev. sec. 485. To avoid the trouble, expense, and especially the inconvenience, that might be occasioned in attempting to carry such books from

place to place, or in instances where they might be necessary in different places at the same time, the section 283 was adopted, so that properly attested copies of certain records could be used as well as the original. This conforms to sound general principles. 1 Gr. Ev. secs. 483–5, 493–5.

It is urged that the record of the auditor is *exparte*—might be wrong, and ought not to bind the treasurer. If we are correct, that it is a public record, then it would follow that if, as against the treasurer, it should be made up erroneously, he would have his remedy either against the auditor, or by proper proceedings to correct the record. But whilst it stands, it is entitled to credit to some extent, whether *prima facie* or conclusive, we need not now decide.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*John B. Niles,* for the appellants.
*James Bradley,* for the appellee.