*W. R. Pierse* and *H. D. Thompson*, for appellee.

---

## Coats v. McKee and Others.

PROMISSORY NOTE.—SURETY.—Suit upon a promissory note. Answer, by one of the defendants, that he was merely a surety on the note, and that the payee had, without his knowledge, taken another note from the principal, for interest on the amount of the first note, at the rate of fourteen per cent. per annum.

*Held*, that a mere failure to give information, unasked, as to the other note, did not constitute a fraud upon the surety.

PROMISSORY NOTE.—MARRIED WOMAN.—To an action upon a promissory note against husband and wife, the latter answered that she signed the note as surety for her husband, and that the consideration of the note did not move to her, or to her separate estate.

*Held*, that the answer was good.

APPEAL from the *Putnam* Circuit Court.

RAY, J.—Suit upon a promissory note executed by the appellees, and payable to the appellant.

A number of the defendants to the action were defaulted. An answer was filed by *Colliver*, one of the defendants below, alleging that he signed the note as surety for *Melvin McKee* and *James J. Smiley*, and that the appellant was informed of this fact; that the consideration of the note was the loan of money to the said *McKee* and *Smiley*, and that

without the knowledge of the defendant, *Colliver*, another note was taken from the borrowers for a certain sum of money as interest upon the note, at the rate of fourteen per cent. per annum ; that the concealment of this fact from the defendant, *Colliver*, was a fraud upon him, wherefore he is discharged. A demurrer was overruled to the answer.

It is not sought, in this suit, to hold *Colliver* responsible upon any other contract than the one he signed as surety. The contract between the lender and the borrower to pay interest upon the money borrowed cannot release the indorser of the note given for the repayment of the principal from his liability. The liability assumed by *Colliver* was for the payment of the sum named in the note which he executed as surety, and the fact that the appellant did not volunteer the information that he was also to receive other notes from the principal, could have no relation to the liability of *Colliver*. So far as he was concerned, the transactions were independent. If he had inquired as to the rate of interest contracted to be paid, and had been fraudulently told a lower rate than was actually received, and had been thus induced to execute the note, his principal being that much less able to discharge his debt, the surety might thereby have been discharged. The like result would perhaps have followed a false statement, if an inquiry had been made by the proposed surety, as to any existing indebtedness between the lender and the borrower. But a failure to give such information, unasked, in regard to distinct transactions, cannot be treated as a fraud. The demurrer should have been sustained.

A demurrer was also filed and overruled to the separate answer of *Matilda McKee*, alleging that she signed the note as surety for her husband and *Smiley*, and that the money for the loan of which said note was executed was not obtained for her benefit, or for the use or benefit of her separate estate. This answer is clearly good. The judgment sought against her is a personal one, and not a charge upon her separate estate.

A number of cross errors are .assigned, but as no brief has been furnished by the appellee, we do not examine the questions presented.

The judgment is reversed, with costs, and the cause remanded, with directions to the court below to sustain the demurrer to the first paragraph of the defendant *Colliver's* answer.

*J. A. Matson, R. L. Hathaway* and *W. A. Brown,* for appellant.

*D. E. Williamson* and *A. Daggy,* for appellees.