### VINNEDGE and Others *v.* SHAFFER.

MARRIED WOMAN.—*Conveyance of Real Estate.—Mortgage.*—A woman, during a second or subsequent marriage, cannot alienate or mortgage real estate received and held by her in virtue of a previous marriage.

| 35b | 341 |
| 142 | 239 |
| 35b | 341 |
| 146 | 401 |
| 35b | 341 |
| 149 | 218 |
| 149 | 420 |

APPEAL from the Tipton Common Pleas.

WORDEN, J.—Suit by the appellants against the appellee to foreclose a mortgage executed by the defendant and her husband, Noah N. Shaffer, to the plaintiffs, to secure the payment of certain promissory notes.

The defendant Delia answered, amongst other things, in substance, that in the year 1856, she was married to one Robert F. Tudor, by whom she had four children, all of whom are living; that Tudor died in the year 1862, seized in fee of the mortgaged premises, leaving the defendant as his widow, and the aforesaid children; that since the death of Tudor, she and said children have held said property as tenants in common; that in 1869, she intermarried with the said Noah N. Shaffer and is still his wife, and that the property mortgaged (one undivided third of the entire tract) descended to her as aforesaid from her former husband, Robert F. Tudor. The mortgage on its face purports to have been executed by the defendant and her husband, Noah N. Shaffer.

To this answer a demurrer was overruled, and the plaintiffs declining to reply thereto, final judgment was rendered for the defendant.

The decision below, we think, was right. The 18th section of the statute of descents (1 G. & H. 294) provides, that "if a widow shall marry a second or any subsequent time, holding real estate in virtue of any previous marriage, such widow may not, during such marriage, with or without the assent of her husband, alienate such real estate, and if, during such marriage, such widow shall die, such real estate shall go to her children by the marriage in virtue of which such real estate came to her, if any there be."

This statute ties up the hands of a woman during a second or subsequent marriage, and restrains her, during such marriage, from alienating real estate received by her in virtue of a former marriage. The restraint upon alienation, by the terms of the statute, is as absolute where there are no children of the marriage in virtue of which she received the property, as where there are. The object of the statute seems

to be two fold, first, to protect a woman who has thus received real estate by virtue of a former marriage from improvident and injudicious alienations thereof during a second or subsequent marriage, and second, to preserve the property for the children of the marriage in virtue of which she received it, where there are such children, in case of her death during such second or subsequent marriage.

The argument is pressed upon our consideration that the sole object of the statute is to preserve the property for the children of the marriage in virtue of which she received it; and hence that she may in a qualified. sense alienate it, viz.: that she may alienate her life estate therein, and the fee conditionally, not thereby in any way interfering with the rights of the children of the marriage in virtue of which she received the property, should there be such children living at her death, and should she die during such second or subsequent marriage. What we have already said, if we are right in our conclusions as to the spirit and objects of the statute, disposes of this argument. We are of opinion that both the letter and spirit of the statute in question prohibit any alienation of the property, whether for life or in fee, absolutely or contingently, by a woman, under the circumstances stated.

A mortgage is in some sense an alienation and fairly within the prohibition of the statute. If a woman could thus mortgage property, it would in many cases, and might in all, be an indirect mode of alienation, and the maxim of law would be violated, that what cannot be done directly cannot be done indirectly.

The judgment below is affirmed, with costs.

*J. W. Robinson,* for appellants.

*J. Green, D. Waugh, E. A. Overman,* and *N. R. Overman,* for appellee.