*J. S. Scobey*, *J. Gavin*, and *J. D. Miller*, for appellees.

---

## HIGGINS *v.* WILLIS.

MARRIED WOMAN.—*Pleading.*—In a suit upon a promissory note, commenced before a justice of the peace, the coverture of the defendant, the maker, at the time of the execution of the note, is a bar to the action, and may be given in evidence without being pleaded specially.

APPEAL from the Pike Common Pleas.

WORDEN, J.—Action by the appellee against the appellant upon a promissory note executed by the latter to the former. The suit was brought and tried before a justice of the peace, and appealed to the court of common pleas, where there was a trial by the court, finding, and judgment for the plaintiff, a motion for a new trial having been overruled.

One of the reasons assigned for a new trial was, that the finding was not sustained by the evidence. The motion should have been sustained. The evidence, which is uncontradicted, clearly and unequivocally shows that the appellant, at the time the note was executed, was a married woman.

This is a valid defense to the note. But it is claimed by the appellee that coverture is a mere matter of abatement, and not admissible under the issues in the cause. Doubtless, if a married woman is sued alone, when her husband ought to be joined, his non-joinder is mere matter of abatement. But

the ground of defense here is not the non-joinder of the appellant's husband, but the fact that she was covert at the time she executed the note. This is clearly matter in bar of the action. It does not give the plaintiff any better writ, but defeats the action in any form in which it might be brought. The appellant's coverture being a bar to the action, it follows that it can be given in evidence without specially pleading it, in suits originating before justices of the peace, as provided for in section 34, 2 G. & H. 585.

The judgment below is reversed, with costs, and the cause remanded for a new trial.

*J. W. Burton, E. F. Littlepage,* and *M. Chambers,* for appellant.

*J. C. Denny, G. G. Reiley,* and *J. H. Miller,* for appellee.