# BOWERS, ADMINISTRATOR, *v.* VAN WINKLE.

MARRIED WOMAN.—*Subsequent Marriage.* — *Prohibition of Alienation.*— A married woman is prohibited from alienating, whether for life or in fee, absolutely or contingently, any real estate which she has acquired by virtue of a previous marriage, and it is immaterial whether there be children by such previous marriage or not; and a mortgage of such real estate is within the prohibition of the statute.

EVIDENCE.—*Record of Deed.*—A record of a deed is proper evidence, and neither the original deed nor a certified copy thereof is required.

MARRIAGE.—*Proof.*—In civil suits, except for criminal conversation, cohabitation and reputation are sufficient evidence of marriage.

APPEAL from the Henry Circuit Court.

BUSKIRK, J.—This action was brought by the appellant against the appellee and her husband, Robert R. Van Winkle, upon a note and mortgage, for the purpose of obtaining a judgment on the note against the husband, and a foreclosure of the mortgage as to both defendants.

The husband made no appearance and was defaulted, and judgment was taken against him for the amount of the note. The appellee, Mrs. Van Winkle, appeared and answered as follows:

"Delila Van Winkle, defendant herein, for separate answer to plaintiff's complaint, says that the note sued on was executed and given for a debt then owing by her husband, her codefendant, and that she signed said note as security for her said husband, and for no other purpose whatever. And as to said mortgage, said defendant says that she is the owner of the real estate described therein, by virtue of her marriage with one William M. Yost, who has since deceased, leaving as his heirs said defendant and four children, the fruits of said marriage of defendant and said Yost; that said children are all now living; that, after the decease of her said first husband, the defendant intermarried with her codefendant, and that during such second marriage said mortgage was executed; wherefore she demands judgment."

The plaintiff demurred to the answer. The demurrer was overruled, and an exception taken. The plaintiff replied in denial of the answer. The cause was, by the agreement of the parties, submitted to the court for trial, and resulted in a finding for the defendant. The court, over a motion for a new trial, rendered final judgment on the finding.

The plaintiff has appealed, and assigns for error the overruling of the demurrer to the answer, and the motion for a new trial.

Did the answer constitute a bar to the action? In our opinion, it was a complete bar to the action. When the note was executed, the appellee was a married woman, and she signed the note as the surety of her husband.

Our statutes have not changed the rule of the common law, that a married woman is incapable of entering into, or binding herself by, an executory contract. Any such contract made by her, whether written or verbal, is absolutely void, where the contract does not relate to her separate

estate. The note sued upon created no legal personal liability against her, and there could be no recovery thereon. While the note of a married woman creates no personal liability against her, she may, by joining with her husband, mortgage any lands which she is not prohibited by the statute from alienating. *Coats* v. *McKee*, 26 Ind. 223; *Stevens* v. *Parish*, 29 Ind. 260; *O'Daily* v. *Morris*, 31 Ind. 111; *Armstrong* v. *Nichols*, 32 Ind. 408; *Johnson* v. *Tutewiler*, 35 Ind. 353; *Higgins* v. *Willis*, 35 Ind. 371.

It is insisted by the appellee that, as she acquired the land mortgaged by descent from her former husband, she could not alienate such real estate, during her second marriage.

It is maintained by the appellant that, while the appellee could not convey away the fee simple of such real estate, she had the right to mortgage the same, and that the purchaser at the sale, upon foreclosure, would acquire an estate for the life of the appellee, in such lands. The precise question involved in this case was involved in the case of *Vinnedge* v. *Shaffer*, 35 Ind. 341, and was decided adversely to the appellant.

In that case it was held, that a woman, during a second or subsequent marriage, was prohibited, both by the letter and spirit of the statute, from alienating, whether for life or in fee, absolutely or contingently, any real estate which she had acquired by virtue of a previous marriage; and that a mortgage is, in some sense, an alienation, and fairly within the prohibition of the statute. The ruling in the above case is decisive of the case in judgment. The court committed no error in overruling the demurrer to the answer.

We are next to inquire whether the court erred in overruling the motion for a new trial. It is claimed that the court erred in admitting in evidence the record containing a deed, where either the original deed or a certified copy of the record should have been produced. There is nothing in the objection. It is expressly provided, by section 283 of the code, 2 G. & H. 183, that "records of deeds or other instruments" are admissible in evidence. It is also

provided, as a matter of convenience, that "exemplifications or copies of records" are admissible in evidence. It has been repeatedly held by this court, that the records of deeds, or other instruments, are admissible in evidence. *Lyon* v. *Perry,* 14 Ind. 515; *Rush's Adm'r* v. *The State,* 20 Ind. 432; *Vail* v. *McKernan,* 21 Ind. 421; *Wells* v. *The State,* 22 Ind. 241; *Winship* v. *Clendenning,* 24 Ind. 439.

The court, over the objection and exception of the appellant, permitted the appellee to prove, by two witnesses, that she was the widow of William M. Yost, and the wife of her codefendant, and this ruling is assigned for error.

It is insisted that the marriage of the appellee could only be proved by the record.

In our opinion, the objection is untenable. It is a general rule that in civil suits, except for criminal conversation, cohabitation and reputation are sufficient evidence of marriage. *Fleming* v. *Fleming,* 8 Blackf. 234; *Trimble* v. *Trimble,* 2 Ind. 76, and the authorities there cited.

It is next urged that the court erred in permitting the appellee to prove, by mere hearsay evidence, that she had children by her former marriage. Conceding that such evidence was incompetent, it did the appellant no injury, as the evidence was wholly irrelevant and immaterial. It was said by this court, in *Vinnedge* v. *Shaffer, supra,* that "the restraint upon alienation, by the terms of the statute, is as absolute where there are no children of the marriage in virtue of which she received the property, as where there are."

Finally, it is argued that the finding is not supported by the evidence. We think otherwise. The finding was fully sustained by the evidence.

There was no error in overruling the motion for a new trial.

The judgment is affirmed, with costs.

*J. Brown* and *R. L. Polk,* for appellant.

*W. H. Carroll,* for appellee.