### EDMONDSON ET AL. *v.* CORN ET AL.

SWAMP LANDS.—*Certificate of Entry.—County Treasurer.—Title.*—The certificate of entry provided for by section 11 of the act of May 29th, 1852, 1 R. S. 1876, p. 952, in relation to swamp lands, vests in the purchaser the legal title to the land therein described.

SAME.—*Descents.— Widow.—Heirs.*—Upon the death of such purchaser intestate, leaving a widow and children by her, one-third of such land vests in her, and the residue in the children.

SAME.—*Conveyance.—Husband and Wife.*—If such widow. remarry without having first conveyed her third of such land, she can not alienate the same during such second marriage, and on her death the same descends to her children by such former marriage.

SAME.—*Title Vested by Act of Congress Without Patent.*—The title to the swamp lands ceded to the State of Indiana by the United States vested in the former by virtue of the statutes of Congress in relation thereto, without the issuing of any patent therefor.

From the Pike Circuit Court.

*G. G. Reily* and *E. A. Ely,* for appellants.

*J. H. Miller* and *E. P. Richardson,* for appellees.

BIDDLE, J.—Martin Corn, Melissa C. Scribner and Andrew J. Corn brought their complaint, in the usual statutory form, against James Edmondson and James Jones to recover the possession of certain lands. Answer, general denial. Trial by the court. Special finding as follows:

" On the 18th day of October, 1854, one William Corn, Jr., purchased from the auditor of Pike county the land described in the complaint—the same being swamp lands; that he paid the treasurer of said county the price thereof, fifty dollars, and received from him the following certificate :

" 'SWAMP LAND.

" 'No. 145.          Treasurer's Office.          $50.00.

" 'PIKE COUNTY, STATE OF INDIANA, October 18, 1854.

" 'Received of William Corn, Jr., of Pike county, in the State of Indiana, the sum of fifty dollars and no cents, being the purchase-money for the north-east quarter, of the south-west quarter, of section No. thirty-five, in township No. one south, of range No. seven west, containing forty and —— hundredths of an acre, which entitles the said William Corn to a deed from the State of Indiana for said lands, on presentation of this certificate to the said treasurer.          J. WILSON, Treasurer of Pike County.'

" That said William Corn, Jr., went into possession of said lands, and made improvements thereon, and afterwards died in the year 1857 or 1858, leaving a widow, Nancy Corn, and the plaintiffs, his children, as his heirs and only heirs at law; that the said Nancy died in the year 1874, leaving the plaintiffs as her only heirs; that, after the death of William Corn, his widow, Nancy, intermarried with one John Beedles; that after their said mar-

riage, on the 10th day of July, 1858, the said Nancy and John Beedles attempted to convey said real estate to one Hiram Cook, and for that purpose executed and delivered to said Cook a deed to said premises." (Here the deed is set out.) "That said deed was executed during the existence of the marriage of the said Nancy to the said John Beedles.

"That afterwards Cook executed a deed to George De-Tae."

This deed is set out, dated September 28th, 1858, and shows a conveyance of the same lands to DeTae, in the usual form.

DeTae to Chamel Lasselle. This deed is dated the 30th day of December, 1862, in which the wife of DeTae joins, and is in the usual form.

Lasselle to Nancy Wolf, by deed dated February 17th, 1863, in which the wife of Lasselle joins, in the usual form.

Nancy Wolf to Samuel Elder. By deed in the usual form, dated February 15th, 1866, in which the husband of Nancy joins.

Elder to James Edmondson. By deed dated October 1st, 1872, in which the wife joins, in the usual form.

That the said Edmondson has been in possession of said real estate since his said purchase from Elder, and that the rental value of said real estate since October 1st, 1872, has been worth forty-five dollars per annum.

All of these deeds purport to have been acknowledged and recorded.

The court's conclusions of law were stated as follows:

"From the foregoing facts, I conclude the law to be that the deed executed by Nancy Beedles (late Nancy Corn) and her husband, John Beedles, whereby they attempted to convey said real estate to Hiram Cook, was void and ineffectual, and did not vest any valid title to said premises in the said Cook; that upon the death of William Corn, Jr., the

plaintiffs inherited two-thirds part in value of said lands, and that upon the death of Nancy Beedles, their mother, they inherited and became the owners in fee-simple of the remaining undivided one-third part thereof.

"I also conclude that the plaintiffs have sufficiently established their title to the premises to enable them to recover in this action ; that the certificate of purchase from the treasurer of said county is evidence of the legal title in William Corn, Jr.; that the presumption would be that the State was in possession at the time of the sale and conveyance by the auditor and treasurer of said county to the said William Corn, which, in the opinion of the court, would be sufficient to enable the plaintiffs to recover. And also for the further reason that the defendant Edmondson claims title to said land from the same source that the plaintiffs do; and the evidence shows the plaintiffs' title to be superior to that of the defendants; that, for two years during the lifetime of the said Nancy, the plaintiffs' share of the rental was thirty dollars per year, and since her death, two years, it was worth forty-five dollars per year.

"Two years, at $30 per year, . . . . . . . . . . . $60.
"Two years, at $45 per year, . . . . . . . . . . . 90.
                                                    ‾‾‾‾‾
                                                    $150.

"That the plaintiffs ought to recover one hundred and fifty dollars as their damages for the detention of said real estate, against defendant Edmondson, and also the possession of the same against both defendants."

Judgment.

The defendants below excepted to the conclusions of law upon the facts, and appealed.

The certificate of the treasurer of Pike county, set out in the finding of the court, was evidence of the legal title to the land in William Corn, Jr., 1 R. S. 1876, p. 953, sec. 11 ; so declared in the case of *Reed* v. *Hamilton,* 18 Ind. 476.

At the death of William Corn, Jr., the undivided two-thirds of the land descended to the appellees, and the remaining third to his widow, Nancy Corn. This point is not in dispute.

The deed of Nancy Beedles and John Beedles, her husband, attempting to convey the lands which she held by virtue of her previous marriage to William Corn, Jr., being forbidden by the statute, was void; and at her death, during said marriage, the undivided third part in the lands which she inherited as the widow of William Corn, Jr., descended to the appellees as her heirs at law. Thus the death of both their ancestors cast the full title to the entirety of the land upon the appellees. 1 R. S. 1876, p. 411, sec. 18; *Vinnedge* v. *Shaffer*, 35 Ind. 341; *Mattox* v. *Hightshue*, 39 Ind. 95.

But the appellants contend that the State of Indiana could have no title to the lands, under the acts of Congress touching swamp lands, until the United States conveyed them to the State by patent, and no such patent being in evidence, that therefore the State conveyed no title to William Corn, Jr., by the certificate of the treasurer of Pike county.

We do not concur in this view.

The acts of Congress upon the subject of swamp lands, by their own force, conveyed the title to the State.

The judgment is affirmed, at the costs of the appellants.