Scott *et al. v.* Greathouse *et al.*

---

## Scott et al. *v.* Greathouse et al.

### No. 7693.

Law of Descents.— *Widow's Interest.*—Prior to 1871 no lien was given by statute to a widow upon the real estate of her deceased husband, for the amount of the personal estate the statute allowed her to take at its appraised value.

SAME.—Where, prior to 1871, a widow, who had received but $100 in personalty from the estate of her deceased husband, and who left children surviving her, married again, and with her second husband executed a deed of conveyance of the entire real estate left by her first husband, which was appraised at $300, such deed conveyed no title, for she had acquired no lien on such real estate for the deficiency in the personal estate to which she was entitled; and she was under the statutory disability of a second marriage, and could not alienate her interest held as widow of her first husband.

From the Posey Circuit Court.

*M. W. Pearse* and *F. Herald,* for appellants.

*E. M. Spencer,* for appellees.

NIBLACK, C. J.—Action by Catharine Scott, Fannie Scott, John T. Scott and Edward Scott, against Benoni S. Greathouse and David H. Greathouse, to recover lot No. 80 in Owens' Enlargement to the city of Mt. Vernon.

The complaint was in the statutory form, and the defendants answered in general denial. The cause was tried by the court upon an agreed statement of facts, in connection with some record evidence. The facts disclosed by the evidence may be briefly stated as follows:

In the year 1858, one Samuel Scott died seized of the lot in controversy, which was the only real estate owned by him at the time of his death; that he left one Courtney Scott as his widow, and the plaintiffs as his children and only lineal descendants; that one John A. Mann administered upon the estate of the said Samuel Scott, and filed an inventory and appraisement of said estate, both real and personal; that the personal estate was appraised at the sum of $107.70, and the two-thirds part of the lot not claimed by the widow, and supposed to have descended to the children, was appraised at $200; that said Mann, as such administrator, delivered to the widow one hundred dollars in value of the personal estate, and took her receipt for the sum of $300, as for property selected and taken by her as such widow from the inventory, at its appraised

Scott *et al. v.* Greathouse *et al.*

value, she agreeing to take, and it being mutually agreed that she should take, the two-thirds part of the lot so inventoried and appraised, as a part of such three hundred dollars' worth of property ; that the said Mann received a credit of $7.70 for claims paid against, and for services rendered to, the estate ; that, upon this adjustment of the assets of the estate being reported to the proper court, the report was approved and the estate declared finally settled ; that afterward, in the year 1862, the widow intermarried with one James M. Young, and in 1864, while the plaintiffs were all minors, she, with the said Young as her husband, conveyed the entire lot in suit by warranty deed, to one William L. Stritter ; that Stritter afterward mortgaged the lot to the defendants, who, upon proceedings to foreclose their mortgage, became the purchasers of the lot at a sheriff's sale ; that the plaintiffs had all arrived at full age before the commencement of this suit.

Upon these facts, the court made a finding for the defendants, and, over a motion for a new trial, rendered judgment accordingly.

Error is assigned only upon the refusal of the court to grant a new trial.

We have no brief from the appellees, but the bill of exceptions incidentally informs us that the court below found for them upon the theory that Mrs. Scott became seized in fee simple of one-third of the lot in suit at the death of her husband, and acquired a lien on the remaining two-thirds for $200, on account of the deficiency in the personal estate to make up to her the amount of three hundred dollars in value, to be selected and taken from the inventory, and that, by the conveyance to Stritter and their purchase of his title under their mortgage, the appellees had acquired all the estate and equities held by Mrs. Scott in and upon the lot at the time she conveyed to Stritter. But we know of no principle on which this theory can

be maintained. At the time of the conveyance to Stritter, Mrs. Young, as the late widow of Samuel Scott, was under the disability of a second marriage, and, under section 18 of the act concerning the descent and apportionment of estates, 1 R. S. 1876, p. 411, was prohibited from alienating the estate held by her, as such late widow, in the lot. *Bowers* v. *Van Winkle*, 41 Ind. 432 ; *Vinnedge* v. *Shaffer*, 35 Ind. 341.

By the law in force when Samuel Scott died, no lien was given to his widow upon his real estate for any deficiency in the personal estate to make up what she was entitled to select and take from the inventory, and hence there was no such lien in existence when she attempted to convey her estate in the lot to Stritter. 2 G. & H. 495, sec. 43.

For the same reason, the appellees did not and could not have become the purchasers of any lien in favor of the widow. It was not until 1871, Acts 1871, p. 46, that a lien was given to the widow upon the real estate of the decedent for the amount of the personal estate she is allowed to select and take at its appraised value. The estate of Samuel Scott was apparently settled upon the supposition that it came within the provisions of either the 19th or 20th sections of the act concerning descents, *supra.* If such were really the case, we think the supposition was an erroneous one. The estate, both real and personal, estimating the widow's one-third interest in the lot at the same rate at which the remaining two-thirds were appraised, amounted in the aggregate to the sum of $407.70, and to the gross sum of $400, after the debts and expenses of administration had been paid, which brought it, as to the rights of the widow, within the provisions of the 17th section of the act concerning descents, referred to as above. Under this latter section, the widow became seized in fee of one-third of the lot, and the remaining two-thirds descended, under other provisions of the same act,

to the children, the appellants here, also in fee. Nothing was shown upon the trial either divesting or tending to divest the appellants of the estate in the lot which had thus descended to them. We are therefore unable to avoid the conclusion, that upon the evidence the finding of the court ought to have been in favor of the appellants, for two undivided third parts of the lot in dispute.

The judgment is reversed, with costs, and the cause remanded for a new trial.