No. 9043.

THE CONNECTICUT MUTUAL LIFE INS. CO. ET AL. *v.* ATHON.

MARRIED WOMAN.—*Alienation of Real Estate.*—A woman can not, during the existence of a second or subsequent marriage, alienate real estate acquired and held by her in virtue of a previous marriage.

SAME.—*Effect of Conveyance.*—*Practice.*—*Action to Quiet Title.*—*Foreclosure.*— A., a married woman, held in virtue of her former marriage the undivided one-third part of a lot in the city of Indianapolis; during her second marriage, A. and her then husband sold and conveyed, by a warranty deed, the interest so held by her in said lot to one L., and received from him the purchase-money therefor; L. entered upon and took possession

of such interest in said lot, under said warranty deed, and had not and did not claim any other or different title thereto; L. and his wife executed a mortgage covering such interest in said lot, without the knowledge or consent of A., and without notice thereof to her until long after its execution. Action to foreclose the mortgage.

*Held,* that, in so far as the interest held by A. in said lot in virtue of her previous marriage was concerned, the warranty deed of A. and her then husband did not, and could not, under the provisions of section 18 of the statute of descents, operate as a conveyance of such interest to L., but, for that purpose, was inoperative and void.

*Held,* also, that A., as a defendant in such suit, had a clear and legal right to ask, by counter-claim or cross-complaint, that the question of her title to the interest so held by her in said lot might be determined and quieted.

From the Marion Superior Court.

*W. Wallace, L. Wallace, J. W. Gordon, R. N. Lamb, S. M. Shepard, A. T. Beck* and *T. L. Sullivan,* for appellants.

*J. B. Black,* for appellee.

HOWK, J.—We take the following statement of this case, which is substantially correct, from the brief of appellants' counsel:

One John Dustman died April 30th, 1855, intestate, leaving said Levenia as his widow, and Carrie A. and Mary L. Dustman, minors, as his children, seized in fee simple of Lot No. four (4), in square No. twenty-two (22), in the city of Indianapolis.

Afterwards, in 1856, said Mary L. died intestate, and without issue, leaving as her heirs at law her mother, said Levenia, and her sister Carrie A., who inherited her portion of said lot. Afterwards, and before any conveyance was made of said property, on the 15th day of December, 1867, said Levenia intermarried with Dr. James S. Athon, and remained his wife until his death, on the 25th day of October, 1875. On the 22d day of May, 1872, during the existence of the marriage relation with said Athon, said Levenia sold, and with her husband, said James S. Athon, conveyed by deed of warranty the interest of said Levenia in said lot to William L. Lingenfel-

ter, and on the same day said Levenia, as guardian of said Carrie A. Dustman, conveyed the interest of her ward to said Lingenfelter. (The legality and regularity of said last named conveyance is not questioned.) That said Lingenfelter paid for the entire lot the sum of $7,625, of which said sum said Levenia was entitled to one-half, in her own right, and the other half as guardian of said Carrie.

The whole sum of $7,625 was, however, paid over to, used and appropriated for the benefit of said Carrie A.; and said James S. Athon received no part thereof, directly or indirectly; and that, at the time of the execution of said deeds, said Levenia was above the age of eighteen years. That by virtue of said deeds said Lingenfelter entered upon and took possession of the entire lot and claimed title thereto, and had no other or different title. Afterwards said Lingenfelter and wife executed and delivered to said Connecticut Mutual Life Insurance Company the mortgage sued on, and said Levenia did not unite in or consent to its execution, and did not know of its existence until long thereafter.

That James S. Athon left a will, and appointed John M. Lord as his executor, who duly qualified as such, and was, at the time of the commencement of this suit and proceedings herein, such executor.

This action was commenced in the superior court of Marion county, by appellant, the Connecticut Mutual Life Insurance Company, to foreclose a mortgage on lot No. four (4), in Square No. twenty-two (22), in the city of Indianapolis, executed by appellants Lingenfelter and wife to said company. To which action said William L. and Margaret C. Lingenfelter, Levenia D. Athon, William W. Ball, James B. Black, William G. Lockwood, Citizens' National Bank of Indianapolis, and George P. Bissell, Trustee, were defendants. All the defendants filed answer; and defendant Levenia D. Athon filed a cross complaint making plaintiff and her co-defendants parties defendants thereto; in which said cross-complaint she ad-

mits the execution of the notes and mortgage, and that said mortgage was duly recorded.

But she says that at and before the time when said notes and mortgage were executed she was, and has since continued to be, the owner in fee simple of the undivided one-third of said Lot No. 4, Square 22, as tenant in common with said William L. Lingenfelter, and as such entitled to possession thereof, and did not join in or consent to the execution of said mortgage, nor have knowledge thereof, until long after its execution. And further, that said property is not occupied by either Lingenfelter or herself, but by tenants who pay rent to Lingenfelter, who is insolvent. Wherefore she says that said mortgage is void as to her one-third, and that said company and Lingenfelter have not, nor has either of them, any interest in her said undivided one-third part of said lot; wherefore she prays for process, etc.; and if said mortgage be foreclosed, that her said one-third interest be protected, etc.; and for a receiver to collect rents and pay one-third thereof to her, and the rest due remain subject to order of the court; *and that her title to said undivided one-third interest be quieted, and for all other proper relief.*

After this cross-complaint was filed, defendant William L. Lingenfelter gave said Lord, as executor of said estate of Athon, notice that his title to an undivided one-third of said lot was attacked, and calling upon said executor to defend the same; and that if said Levenia should succeed in her claim, he would hold said estate on the warranty deed of said Athon.

Thereupon, said Lord made application to be made party to such suit, which application was granted; and thereupon said Lord appeared and filed answer to the cross-complaint of said Levenia, in substance, as follows:

First paragraph, general denial.

Second, that, on the twenty-second day of May, A. D. 1872, said Levenia D. Athon, then the wife of said James S. Athon, deceased, was the owner and in the possession of an undivided one-half of said premises, and being such owner

she, on that day, sold the same for the sum of seventeen hundred and fifty dollars, and thereupon said Levenia D. and James S. Athon jointly executed and delivered to said Lingenfelter their deed of warranty for the said premises, said Levenia then and there being above the age of eighteen years, and the wife of said James S. Athon, and that said Levenia D. then and there received the consideration of such sale and converted the same to her own use. Wherefore defendant says, that Levenia D. has no right to, or interest in, said premises or any part thereof.

To this answer the said Levenia D. replied, in substance, as follows:

The seizin and death of John Dustman leaving said Levenia, his widow, and Carrie and Mary, his children, and the subsequent death of Mary without issue and intestate, leaving her mother and sister as heirs; the subsequent marriage of Levenia and Dr. Athon, December 15th, 1867; the conveyance of Athon and wife of one-half and the other half by Levenia, as guardian, to said William L. Lingenfelter by deeds of warranty; the payment by Lingenfelter of purchase-money to Levenia, who appropriated the same for the use and benefit of said Carrie A.; that no part of said money was used by Athon; that at the time of the execution of said deeds, said Levenia was over eighteen years of age; that Lingenfelter entered upon, and took possession by virtue of said conveyance, and not otherwise, and has not nor does he claim any other or different title; the execution of mortgage by Lingenfelter and wife to the Connecticut Mutual Life Insurance Company, without the knowledge or consent of said Levenia, and that she had no notice thereof until long thereafter. Wherefore she says she is the owner of one-third of said premises described in the complaint, etc. To which reply said Lord, as executor, demurred for insufficiency of facts, etc. Demurrer overruled by court and excepted to. Answers by other parties, which are not material in the consideration of this case.

The cause was submitted to the court for trial on an agreed

statement of facts as evidence, wherein substantially the same facts were set forth as were stated in the pleadings, the sub-stance of which we have given. Upon this statement of facts the court, at special term, found for the appellant, the Connecticut Mutual Life Insurance Company, for the amount due on its notes in suit, and that the mortgage described in its complaint was a valid lien upon the undivided two-thirds part of the mortgaged premises; and that the appellee, Levenia D. Athon, was the owner in fee simple of the undivided one-third part of said premises, free from the lien of the mortgage in suit, and was entitled to the relief prayed for in her cross-complaint. The appellants, the Insurance Company, Lingenfelter and Lord, executor, etc., jointly, and the said Insurance Company and said Lord, executor, etc., separately, moved the court for a new trial, assigning in each of said motions the same causes for a new trial, namely, that the finding of the court was not sustained by sufficient evidence, and that it was contrary to law. These motions were severally overruled by the court, and several exceptions were duly saved to these rulings; and thereupon the court rendered its judgment and decree upon and in accordance with its said findings. The judgment and decree, on appeal, were affirmed by the court in general term; and from this judgment of affirmance this appeal is now here prosecuted.

By a proper assignment of error, the appellants have brought before this court the following errors assigned by them in the court below, in general term, to wit: The court at special term erred:

1. In overruling the demurrer of John M. Lord, executor, etc., to the reply of appellee, Levenia D. Athon, to said Lord's answer to said appellee's cross-complaint; and,

2. In overruling the motion of said Lord, executor, etc., for a new trial.

The questions presented by these alleged errors depend, for their proper decision, upon the construction which must be given to the provision of section 18 of "An act regulating.

descents and the apportionment of estates," approved May 14th,1852. This section reads as follows:

"Sec. 18. If a widow shall marry a second or any subsequent time holding real estate in virtue of any previous marriage such widow may not, during such marriage, with or without the assent of her husband, alienate such real estate, and if, during such marriage, such widow shall die, such real estate shall go to her children by the marriage in virtue of which such real estate came to her, if any there be." 1 R. S. 1876, p. 411.

This section of the law of descents has often been the subject of consideration by this court, and it has been uniformly held, so far as we are advised, that any deed or mortgage executed in contravention of the provisions of said section was absolutely null and void, and conveyed no title, interest or estate, in or to the real estate held "in virtue of any previous marriage," to the grantee or mortgagee. In *Vinnedge* v. *Shaffer*, 35 Ind. 341, after quoting said section 18, the court said: "This statute ties up the hands of a woman during a second or subsequent marriage, and restrains her, during such marriage, from alienating real estate received by her in virtue of a former marriage. * * The object of the statute seems to be two-fold, first, to protect a woman who has thus received real estate by virtue of a former marriage from improvident and injudicious alienations thereof during a second or subsequent marriage, and second, to preserve the property for the children of the marriage in virtue of which she received it, where there are such children, in case of her death during such second or subsequent marriage. * * We are of opinion that both the letter and spirit of the statute in question prohibit any alienation of the property, whether for life or in fee, absolutely or contingently, by a woman, under the circumstances stated." To the same effect are the following cases in this court: *Bowers* v. *Van Winkle*, 41 Ind. 432 ; *Schlemmer* v. *Rossler*, 59 Ind. 326 ; *Edmondson* v. *Corn*, 62 Ind. 17 ; *Unfried* v. *Heberer*, 63 Ind. 67 ; *Scott* v. *Greathouse*, 71 Ind. 581 ;

*Sebrell* v. *Hughes,* 72 Ind. 186; *Smith* v. *Beard,* 73 Ind. 159; *Avery* v. *Akins,* 74 Ind. 283; *Mattox* v. *Hightshue,* 39 Ind. 95.

Applying the doctrine of the cases cited to the agreed facts in the case at bar, the conclusion is inevitable, that the deed executed by the appellee, Levenia D. Athon, and her then husband, James S. Athon, to the appellant William L. Lingenfelter, on May 22d, 1872, was absolutely void and of no effect, in so far as it attempted to convey the one-third interest in the mortgaged premises, which the appellee held therein in virtue of her previous marriage to John Dustman, deceased.

But the appellant's counsel say that, "whatever may be the rights of Mrs. Athon, in an action of ejectment for possession, or an action in that nature, we submit that in the case at bar it should be different. Here, she is in a court of equity asking equitable relief, such as the appointment of a receiver and to have her title quieted. * * Now, it is a familiar rule in equity, that he who seeks the aid of equity must come into court with clean hands. *Creath's Adm'r* v. *Sims,* 5 Howard, 192. Or, as stated differently, he that seeks equity must first do equity. 1 Story's Eq. Jur., sec. 64. Nor will equity interfere in opposition to conscience and good faith. *Lewis* v. *Baird,* 3 McLean, 56. Now, how does Mrs. Athon stand in the light of these equitable maxims? She comes into court with the admission that she once sold this lot and received the full price therefor, and used the same for the benefit of her daughter; and, without tendering back the money or offering to do so, she asks of this court equitable relief. Is she in a position to invoke the aid of the chancellor? Is this a clean hand she is holding out for this property, while she holds in the other the full, fair value of the property? Does the conscience of the chancellor move toward such an exhibition of good faith? Are there any symptoms of good faith, and an effort to do equity before asking it?"

We have given the appellants' learned counsel the benefit

of a full statement of their argument, on the point they make therein, as well because the argument is well and forcibly made, as because the point made seems to be the only one on which they apparently rely for the reversal of the judgment below. We do not think, however, that this point is well taken. The record of this cause shows that the appellee, Levenia D. Athon, came into the court below to defend this suit, which the appellant, the Insurance Company, had commenced there against herself and others. She was not a party to the notes and mortgage sued upon, and had no knowledge of their execution. Under the law, she was the owner in fee simple of the undivided one-third part of the lot described in the mortgage in suit, notwithstanding the admitted fact that she and her second husband, James S. Athon, had sold and conveyed, or attempted to convey, her said interest in said lot, by a deed which was void and of no effect as to such interest. In defending said suit, therefore, she set up her exact legal rights in the mortgaged premises. The insurance company and Lingenfelter claimed title to the whole of said premises, adversely to the interest of said Levenia D. Athon therein; and, therefore, under the code, she had a clear legal right to ask, by counter-claim or cross-complaint, that the question of title might be determined and quieted. The ethics of the parties to this case are not properly before us; but the law of the case, as it seems to us, is with the appellee.

Upon the whole case we are of the opinion, that, under the law of this State, the court below in general term did not err in affirming the judgment of the special term.

The judgment is affirmed, at the appellants' costs.

NOTE.—ELLIOTT, C. J., took no part in the decision of this cause.