Christy *et ux. v.* Smith.

No. 8493.

CHRISTY ET UX. *v.* SMITH.

MARRIED WOMAN.—*Alienation of Real Estate.—Partition.—Husband and Wife.*—Although a woman can not, during the existence of a second or subsequent marriage, alienate real estate acquired and held by her in virtue of a previous marriage, yet, if the real estate, so acquired and held by her, is an undivided share or interest in the lands of her previous husband, she is entitled to have such share or interest set off to her in severalty, and, to that end, she may bring and maintain an action of partition against the owner or owners of the residue of said lands.

PRACTICE.—*Motion for New Trial.*—Under section 354 of the civil code of 1852, the motion for a new trial must be made at the term the verdict or decision (finding) is rendered, except for cause discovered after such term.

From the Vigo Circuit Court.

*N. G. Buff,* for appellants.

*R. Dunnigan* and *S. C. Stimson,* for appellee.

HOWK, J.—In this case the appellee sued the appellants to obtain the partition of certain real estate, particularly described, in Vigo county. In her complaint, she alleged, in substance, that she was the owner in fee of the undivided one-third, and the appellant Mary L. Christy, the wife of her co-appellant, was the owner in fee of the remaining two-thirds

of said real estate, which was held by them as tenants in common. The appellants jointly answered in two paragraphs; of which the first was a general denial of the complaint, and the second paragraph stated special matters by way of defence to the action. The appellee's demurrer, for the want of facts, was sustained by the court to the second paragraph of answer, and to this ruling the appellants excepted. The trial of the cause by the court resulted in a finding that the appellee was the owner of the undivided one-sixth part, and that the appellant Mary L. Christy was the owner of the remaining five-sixths of the real estate in controversy. Thereupon the court rendered an interlocutory judgment of partition, in accordance with its finding, and appointed commissioners to make such partition, pursuant to the judgment. The commissioners made their report of partition to the court, at its next ensuing term, which report was approved and confirmed, and final judgment of partition was rendered accordingly. After such final judgment, the appellants filed their motion for a new trial, which motion was overruled by the court, and to this ruling they excepted.

The following decisions of the circuit court are here assigned as errors:

1. In sustaining the demurrer to the second paragraph of the appellants' answer; and,

2. In overruling their motion for a new trial.

In the second paragraph of their answer, the appellants alleged, in substance, that the appellee, before her then existing marriage, was the widow of one William C. Brooks, deceased, who was the son and heir at law of one Elias H. Brooks, deceased; that, in December, 1854, the said Elias H. Brooks died intestate, seized in fee simple of the real estate in controversy, containing forty acres, and other real estate in said county, particularly described, containing about sixty acres; that before his death the said Elias H. Brooks executed what purported to be his last will and testament, which

was recorded in the recorder's office of said county; that, by
the terms of said pretended will, all the said real estate was
devised to Elizabeth Brooks, during her widowhood or her
natural life, and then in fee to the said William C. Brooks;
that the said Elizabeth Brooks, widow, and the said William
C. Brooks, son, jointly entered into possession of all said real
estate, under the said will, and held and occupied the same,
and used the rents and profits thereof, for nearly twenty years;
that, while so holding the said premises, the said William C.
Brooks and his wife, the appellee, and the said Elizabeth
Brooks sold and conveyed certain parts, particularly de-
scribed, of said one hundred acres, and that, since the death
of said William C. Brooks, the appellee, and the said Eliza-
beth Brooks, and one Charles C. Brooks, the son and only
heir at law of said William C. Brooks, had sold and conveyed
a certain other part of said one hundred acres; that all said
real estate, so sold and conveyed, was of the value of $1,200,
and equal in value to that part of said one hundred acres, of
which the appellee claimed partition in this case; that the ap-
pellants had, by agreement and by way of compromise, waived
all their interest in and to the said lands, so sold and con-
veyed by the appellee and her privies in interest and title;
that the said Elizabeth Brooks was dead, and the appellee,
since the death of said William C. Brooks, had intermarried
with one William Smith, who was then her husband and then
living; and that said Charles C. Brooks was the only child
and heir at law of said William C. Brooks, and would inherit
the real estate in controversy, in case the said William Smith
should survive the appellee; and that the said Charles C.
Brooks had conveyed said real estate to the appellants, and
they asked that these matters might be considered in deter-
mining the interest the appellee might have in said real estate.

And the appellants further said, that, recognizing the sales
and conveyances made by appellee and the said William C.
Brooks, and the said Charles C. Brooks, as a fair and equitable

division and partition of all the real estate of said Elias H. Brooks, and on request of appellee and the said Charles C. Brooks, they, the appellants, had quitclaimed and conveyed to the grantees thereof all their right, title and interest in and to the real estate so conveyed as aforesaid. Wherefore they asked that the said lands so conveyed should be taken into account, and the appellee charged with the same, in any partition that might be decreed, and for general relief.

It would seem from the language of this paragraph of answer, that the appellants intended and attempted to state therein two separate and distinct matters, by way of defence to the appellee's cause of action. As to each of these matters, we think that the allegations of the paragraph were clearly insufficient. In the first part of the paragraph, the appellants apparently rely upon the facts, that the appellee derived her title to, and held her interest in, the land in controversy, as the widow of said William C. Brooks, deceased, and that she had subsequently intermarried with, and was at the commencement of this action the wife of, said William Smith. These facts would operate, under the provisions of section 18 of the descent law, to prevent the appellee from alienating, during her said marriage, with or without the assent of her said husband, her interest in said real estate, except in the cases provided for in said section, as amended by the act of March 29th, 1879. Acts 1879, p. 123; R. S. 1881, sec. 2484; *Connecticut, etc., Ins. Co.* v. *Athon,* 78 Ind. 10. But these facts would not interfere, in any manner, with the appellee's free use and enjoyment of her share of said real estate, nor operate as a bar to this action of partition, brought by her to have her share thereof set off to her in severalty. Appellee was the owner in fee simple of her share of the real estate, which descended to her from her first husband, notwithstanding her subsequent marriage; and we know of no law which would prevent her from maintaining an action for the partition of such real estate, during such marriage.

The other matter, upon which the appellants apparently

relied as a defence to this suit, was that the appellee's first husband, William C. Brooks, took by devise or descent from his father, Elias H. Brooks, about 100 acres of land ; and that the appellee had joined with others in conveying away all of said land, except the forty acres in controversy in this suit. The appellants did not allege that the appellee received any more than her proper share of the moneys obtained on account of such conveyances ; or, indeed, that she received any part of such moneys. No reason was shown, therefore, why the court should take into account the land so conveyed, in making partition of the real estate in controversy, and no sufficient facts were alleged in the answer, to enable the court to intelligently consider or decide this question.

For the reasons given, we are clearly of the opinion that the court committed no error in sustaining the demurrer to the second paragraph of answer.

The appellants' motion for a new trial was not made at the term of the court at which the cause was tried and the finding rendered, nor was it made for any cause discovered after such term. In section 354 of the Code of 1852, it was provided that "The application for a new trial must be made at the term the verdict or decision is rendered." 2 R. S. 1876, p. 183 ; section 422, Code of 1881 ; section 561, R. S. 1881. "The term ' decision,' as used in the above statute, is clearly used in the sense of finding upon the facts, where the cause is tried by the court." *Wilson* v. *Vance,* 55 Ind. 394. In the case at bar, the appellants' motion for a new trial was made too late, under the law, and for this reason, if for no other, it was properly overruled. *Cutsinger* v. *Nebeker,* 58 Ind. 401 ; *The Pennsylvania Co.* v. *Sedwick,* 59 Ind. 336.

The judgment is affirmed, at the appellants' costs.