Klinesmith v. Socwell.

Filed March 19, 1885.

———————◆———————

No. 12,041.

## KLINESMITH v. SOCWELL.

MARRIED WOMAN.—*Alienation of Land Acquired by Previous Marriage.—Partition.—Husband and Wife.*—Although a married woman can not, during the existence of a second or subsequent marriage, alienate real estate acquired and held by her in virtue of a previous marriage, yet, if the real estate so acquired and held by her is an undivided share or interest in the lands of her previous husband, she is entitled to have such share or interest set off to her in severalty, and, to that end, she may bring and maintain an action of partition against the owner or owners of the residue of such lands.

SAME.—*Lands not Susceptible of Division.—Order of Sale.—Distribution of Proceeds.—Estoppel.*—Where, in such suit, it is ascertained or found by the court that the lands of the previous husband are not susceptible of division between the parties, without damage to their respective interests therein, the court may lawfully order and decree the sale and conveyance of such lands during the existence of such second or subsequent marriage, so as to vest in the purchaser and grantee the fee simple estate in the share or interest therein which descended to such married woman as the widow of her previous deceased husband; and upon such sale and conveyance, the proceeds of the share or interest of such married woman in the lands of her previous husband must be paid to her unconditionally, and thereafter she will be estopped from asserting, as such widow, any further title, claim or interest in or to such lands.

From the Marion Superior Court.

*G. W. Galvin*, for appellant.

*F. M. Finch* and *J. A. Finch*, for appellee.

HOWK, J.—This was a suit by the appellant against the appellee to obtain the partition of a certain lot in the city of Indianapolis, and to quiet her title to her share thereof. In her complaint the appellant alleged that she was the owner

in fee simple of an undivided one-third part, and the appellee was the like owner of the residue of the lot in controversy. . Appellee answered specially, in a single paragraph, to which the appellant's demurrer, for the alleged want of facts, was overruled by the court. She then replied in a single affirmative paragraph, to which reply the appellee's demurrer, for the want of sufficient facts, was sustained by the court. Appellant declined to amend her reply, or to plead further, and judgment was rendered that she take nothing by her suit, and that appellee recover of her his costs. On appeal the general term affirmed the judgment of the special term, and from the judgment of affirmance this appeal is now here prosecuted.

The first error of which complaint is here made by the appellant in argument is the overruling of her demurrer to appellee's answer.

The appellee alleged in his answer, that theretofore, on the 6th day of October, 1876, the appellant in this cause filed her complaint in the Marion Superior Court against one Christian Klinesmith and Henry Neumeyer, as defendants, to obtain the partition of the same lot now in controversy; that in her complaint in her former suit the appellant alleged that, as the widow of one Anthony Lohman, who had died seized of the lot in controversy, she was entitled to the one-third part of such lot, and as the mother of Ida Lohman, a daughter of said Anthony Lohman, who had died intestate and without issue, she had inherited from Ida another interest in such lot, and as the mother of Florinda, another daughter of Anthony Lohman, who had intermarried with Henry Neumeyer and had died intestate and without issue, she had inherited another interest in such lot; that the defendant Christian Klinesmith had become the owner in fee of the interest in such lot of Louisa Iske, another heir of Anthony Lohman, deceased; and appellant demanded partition of the lot between herself and the defendants Christian Klinesmith and Henry Neumeyer, who were alleged to be the owners of the entire lot, and that her interests in the lot be set off to her in

severalty, etc.; that such proceedings were had in such former suit as that the defendants therein appeared in open court, and, by their pleadings, joined issue on appellant's complaint therein, which issue was then submitted for trial and determination to such superior court; that on such trial the court found that the facts, as alleged in such complaint, were true, and that the lot in controversy could not be divided between such owners without injury to their interests therein; that thereupon the court ordered that the lot be sold, and that the proceeds of the sale be divided between the parties to such suit, according to their respective interests in the lot, after paying all claims against the estate of Anthony Lohman, deceased; that the court appointed a commissioner to make such sale, upon the terms and conditions prescribed in such order, and in accordance therewith such commissioner, on the 7th day of April, 1877, sold such lot to Henry M. Socwell, the appellee in this action; that such sale was approved by the court, and a deed of conveyance of the lot was by the court ordered to be and was made by the commissioner, and, having been approved by the court, was delivered to the appellee in this cause; and the appellee averred that under such deed he entered into and then held possession of the lot in controversy. Wherefore, etc.

It is claimed by appellant's counsel, as we understand his argument, that appellee's answer was bad on the demurrer thereto, because it shows upon its face that appellant's interest in the lot in controversy came to her by descent, as the widow of her first husband, Anthony Lohman, deceased, and that at the time of the institution of her first suit for partition, and during its pendency, and at the times of the sale and conveyance of the lot to the appellee Socwell, under the orders of the court in her first suit, the appellant was under the disability of her second marriage to Christian Klinesmith. Counsel concedes, as we understand him, that, notwithstanding the pendency of her second coverture, the appellant had the right to institute her first action in partition, for the severance of

her interests in the lot from the shares of the other owners thereof. It was so held by this court, and correctly so we think, in *Christy* v. *Smith*, 80 Ind. 573. But counsel goes further, and assumes the position that when it was found by the court that the lot was not susceptible of division between the parties to the first suit, without damage to their respective interests, the court could not by its decree authorize the sale and conveyance of the lot during the second coverture, so as to vest in the purchaser and grantee the fee simple estate in the one-third of the lot which descended to her as the widow of her first husband, Anthony Lohman, deceased. Counsel makes an able and forcible argument in support of his position. It is enough for us to say, however, that under the previous and uniform decisions of this court, his position can not be maintained. *Finch* v. *Jackson*, 30 Ind. 387 ; *Small* v. *Roberts*, 51 Ind. 281 ; *Swain* v. *Hardin*, 64 Ind. 85.

In the case in hand, the appellant was the owner in fee, at the time of her first partition suit, of other interests in the lot in addition to the one-third thereof which descended to her from her first husband, which other interests she inherited from her deceased children. As to these other interests, her power of alienation was in no manner suspended by her second coverture ; and as to them she had the undoubted right, notwithstanding the second coverture, to institute and prosecute her suit for partition, and, as the lot was not susceptible of division, to demand judgment for the sale thereof. The lot was sold at appellant's suit, and by her procurement, to the appellee, Socwell, as appears from exhibits copied into the record, for more than $4,600, of which sum the appellant appears to have received more than $1,700. With this amount of appellee's money in her hands, for her share of the lot, it seems to us that the appellant is and ought to be estopped, in equity and good conscience, from asserting any further title, claim or interest in or to the lot in controversy as against the appellee.

We conclude, therefore, that the court committed no error in overruling the appellant's demurrer to appellee's answer.

What we have said in considering the sufficiency of the answer necessarily leads to the further conclusion that the court did not err in sustaining appellee's demurrer to appellant's reply.

The judgment is affirmed, with costs.

