May Term,
**1860.**

SAGE
v.
MATHENY.

SAGE *v.* MATHENY.

A party may be relieved from a judgment taken by default, where he had not actual notice of the suit, and was, at the time of constructive service of the process, and until after the expiration of the term of the Court at which the judgment was rendered, absent from the state, and physically unable to return.

If upon the overruling of a demurrer to the petition for such relief, the Court set aside the default, without first ordering the plaintiff to plead over, he cannot assign the ruling as error unless the record show that the Court refused to permit him to plead over.

APPEAL from the *Harrison* Court of Common Pleas.

*Wednesday, June 6.*

DAVISON, J.—*Matheny*, on the 19th of *January*, 1858, filed in the clerk's office of said Court his petition, alleging that in *October*, 1857, *Sage*, the appellant, instituted, in the same Court, an action against him, *Matheny*, and one *Bazil Meek*, on a promissory note purporting to have been given by *Meek* and *Matheny* to *Sage*, for the payment of 192 dollars; that a copy of the summons issued in said action was left by the sheriff at *Matheny's* usual place of residence in *Harrison* county, and upon this service of process, a judgment by default was taken against him on the 11th of *November*, 1857, for 229 dollars. The petition further alleges that at the date of the note, *Matheny* was not a partner of *Meek;* that he did not owe *Sage* any sum whatever, either as partner or individually, nor did he execute said note, or authorize any one to execute it on his behalf; that he had no knowledge of the existence of such a note until after the adjournment of the term of the Court at which said judgment was rendered, nor had he actual notice of the pendency of said action, or of the judgment against him, until after the adjournment of said term, he being absent from home, being in the city of *Cincinnati, Ohio*, and unable, from bodily disability, to get home. It is also alleged that the judgment against him is oppressive and unjust; and the relief prayed is that the judgment by default be set aside, and that he be allowed to answer the complaint on the note, &c. The petition was verified by oath.

VOL. XIV.—24

*Sage*, the plaintiff, demurred to the petition; but the demurrer was overruled, and he excepted, and the Court thereupon made an order setting aside the judgment against the defendant, and granting him leave to answer the complaint in the action upon the note; but to the making of this order there was no exception taken by the plaintiff.

The defendant then answered the plaintiff's complaint—

1. That he did not execute the note in suit.

2. That at the date of the note, he was not a partner of *Meek*, nor had *Meek* or any other person authority to sign defendant's name to said note.

3. That defendant did not, at the date of the note, nor does he yet, owe the plaintiff anything, either as partner or individually.

The answer was verified by the oath of the defendant.

The record avers that the parties submitted the issues to the Court, and that upon the trial the plaintiff offered the note in evidence, without proving its execution, but his offer was refused, and he excepted. And the Court being duly advised, &c., found for the defendant, and upon its finding rendered judgment, &c.

The action of the Court in overruling the demurrer, raises the first question to be considered. The petition was based upon § 99 of the practice act. That section provides that the Court may, in its discretion, at any time within one year, relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect. 2 R. S. pp. 48, 49. We perceive no objection to the petition. The facts which it states, in our judgment, make a case plainly within the statutory provision just quoted. There was, it is true, sufficient constructive service of process; but the defendant had no actual notice of the suit, and was at the time of the service, and up until the expiration of the term of the Court at which the judgment was rendered, absent from the state, such absence having been caused by bodily disability. The demurrer, in our opinion, was not well taken.

But it is insisted that the Court, upon overruling the <span>May Term, 1860.</span> demurrer, should have adjudged that the plaintiff answer the petition, and that having failed to do this, the order <span>EASTERDAY v. JOY.</span> setting aside the judgment, &c., was erroneous. In answer to this objection, it is enough to say, that to the making of the order there was no exception, and, consequently, the error, if any was committed, is not properly before this Court. The code says that "the judgment upon overruling a demurrer shall be that the party plead over;" and that "if the party fail to plead after the demurrer is overruled, judgment shall be rendered against him as upon a default." 2 R. S. p. 123, § 382. This provision, strictly construed, might be held to impose a duty on the Court, in every case in which it overruled a demurrer, to adjudge that the party plead over; but we are not inclined to adopt that construction. Unless the record shows affirmatively that the Court had refused to allow the party to answer the pleading to which the demurrer was overruled, the proceedings should not be held objectionable. This construction is not in conflict with the language of the provision; but renders it, as a rule of procedure, consistent and effective.

There being no motion for a new trial, the exception taken to the refusal to admit the note in evidence cannot be assigned for error.

*Per Curiam.*—The judgment is affirmed with costs.

*W. Q. Gresham*, for the appellant.

*W. A. Porter*, for the appellee.