JOHNSON *v.* TUTEWILER and Others.

MARRIED WOMAN.—*Liability on Contracts.*—Where work is done and materials furnished at a husband's request, for buildings erected on the real estate of his wife, the latter is not liable, although she may have subsequently signed a promissory note for such work and materials.

SAME. — *Power to Charge her Separate Property.* — A married woman may charge her separate property for the cost of such improvements as are necessary to a complete and full enjoyment thereof.

SAME.—*Husband.*—A husband has no power to charge, by his separate contract, the real estate of his wife.

SAME.—*Mechanic's Lien.*—The contract of a husband cannot create a mechanic's lien upon the real estate of his wife.

SAME.—*Pleading.*—To a complaint on a note given for work done and materials furnished in building a house on certain real estate, and to enforce a mechanic's lien for such work and materials, an answer by a defendant that at the time the work was done and materials furnished, and the note given, said defendant was a married woman and said real estate was her separate property, is good on demurrer.

SAME.—*Pleading.*—*Reply.*—To such an answer the plaintiff should reply that the work done and materials furnished were necessary to a full and complete enjoyment of the real estate.

APPEAL from the Marion Common Pleas.

WORDEN, J.—This was a complaint by the appellees against the appellant and Benjamin F. Johnson, her husband, upon a promissory note executed by the defendants, and to enforce a mechanic's lien. The complaint sets out a promissory note executed by the defendants to the plaintiffs for the sum of two hundred and twenty-six dollars, due at ninety days, and dated August 4th, 1867, and avers that it was given for work and materials furnished in building a house for the defendants on a lot described, in the city of Indianapolis, and that a lien was filed within sixty days from the completion of the building, in the recorder's office. A copy of the notice of the lien is also set out, which was filed July 1st, 1867, and shows that the work had been done and the materials furnished within sixty days next before that time. It may be observed that the complaint does not show that the relation of husband and wife existed between the defend-

ants, or that Mrs. Johnson was a married woman, or that the title to the lot was in her.

The defendants demurred to the complaint, but the demurrer was overruled and exception taken. Proceedings were had in the cause which indicate that the defendant Benjamin had availed himself of the benefit of the bankrupt law, and no judgment was taken against him.

The appellant Caroline answered separately by the general denial, and also, amongst other things, thirdly; that she then was, and for more than ten years last past had been, the wife of the said Benjamin; that the lot described was her own individual and separate property, held in her own right in fee, and that her said husband had no right, title, or interest in the same, or any part thereof; wherefore, &c.

A demurrer was sustained to the said third paragraph of Caroline's answer, and she excepted.

The cause was tried by the court, and the trial resulted in a finding for the plaintiffs against the appellant, that she was indebted to the plaintiffs in the sum of two hundred and fifty dollars, and that the plaintiffs hold a lien therefor on the lot in question. Over a motion for a new trial, made by the appellant, judgment was rendered against her for the amount of the finding, and that the lien be enforced, &c.

The evidence is in the record, and the assignments of error raise the material questions involved.

It is clear from the evidence that during the transaction, the appellant and Benjamin were husband and wife; that the lot in question was the sole property of Caroline, bought with her own separate money; that the work was done and the materials furnished at the request of Benjamin, without any contract with the said Caroline or direction from her to the plaintiffs, but that she subsequently signed the note in question with her husband.

On the facts thus shown, it is clear to our minds that the appellant is not liable, nor has any lien been acquired as against her property. The note, as to her, is obviously void.

The law has been, and perhaps still is, in a measure, unset-

tled in this State, as to the power of a married woman to encumber her real estate, or contract with reference thereto. The subject was learnedly discussed in the case of *Kantrowitz* v. *Prather*, 31 Ind. 92. See, also, *Lindley* v. *Cross, Id.* 106. The latter case was for the enforcement of a mechanic's lien, in which it was held that a married woman might charge her separate estate for the improvement of her property, where the improvement is necessary for a full and complete enjoyment thereof; but that as the power of a married woman to make new improvements is liable to abuse, it must be under the control of the court trying the case involving the liability of her separate property for debts created in making such improvements; and that a complaint to enforce a mechanic's lien in such case is bad, unless it state that the improvement is necessary and proper for a full and complete enjoyment of the property.

While we recognize the right of a married woman to charge her real estate with contracts for such improvements as are necessary and proper for its full and complete enjoyment, we do not recognize the right of the husband to thus charge it by his contract. He has no more authority to thus charge his wife's estate than if he were not her husband. He may, to be sure, unite with her in a conveyance or mortgage of her land, but otherwise he has no control over it, or power to encumber it. His contract for its improvement can give the mechanic no lien upon it. This is well settled by the case of *Spinning* v. *Blackburn*, 13 Ohio St. 131. See, also, *Johnson* v. *Parker*, 3 Dutcher, 239. In the Ohio case, the lien sought to be established was for lumber, and the wife had full knowledge that the lumber was furnished for, and used in, the erection of a house on her premises; and she planned and gave directions how and where the lumber should be used in the building. It was held, nevertheless, that as the contract for the lumber was not made with her, no lien was acquired as against her.

In the case under consideration, the appellant does not appear to have had anything to do with the work done, or

materials furnished, whatever. She afterwards signed the note with her husband, but that does not bind her, nor does it imply that the work had been done, or the materials furnished, under a contract with her, or at her request. It may be observed, also, that the lien must have been good at the time the notice was filed, or it never became good. The note was not executed until more than a month afterwards, and it could not relate back and cure the defect. The legal merits of the case, on the evidence, are with the appellant.

We go back briefly to the pleadings. The complaint, on its face, seems to be good; for it does not disclose the coverture of the appellant, or the fact that she was the separate owner of the property, and it alleges that the work was done, and the materials furnished, for the defendants. But the third paragraph of the answer averred the coverture of the appellant, and her ownership of the lot. The statement of these facts made the answer good to the complaint as it then stood, and made it necessary for the plaintiffs to aver, by way of replication or amendment to the complaint, that the improvement was necessary and proper for a full and complete enjoyment of the property. *Lindley* v. *Cross, supra.*

The demurrer to the third paragraph of the answer should have been overruled.

The judgment below is reversed, with costs, and the cause remanded.

*J. T. Dye* and *A. C. Harris,* for appellant.

*E. F. Ritter,* for appellees.