## HODSON ET AL. *v.* DAVIS.

MARRIED WOMAN.—*Contract.*—The promissory note of a married woman is absolutely void. Such note, although given for property purchased for her own use, she having a separate estate and her husband being insolvent, is not evidence of her intention to charge her separate estate with the payment of the debt named in the note.

SAME.—*Intent to Charge Separate Estate.*—The fact that credit for goods sold to a married woman is given upon faith of her separate property, is not sufficient to create a charge against her lands or income; she, also, must contract with regard to her separate property.

SAME.—*Complaint.—Husband.*—A complaint against husband and wife on a note, alleging that it was executed by both for property sold to the wife, and praying judgment only against the separate property of the wife, presents no cause of action against the husband.

SAME.—*Appeal.*—In such case the husband, by virtue of the marital relation, may properly join in an appeal from a judgment against·the property of the wife.

From the Montgomery Common Pleas.

*J. M. Butler,* for appellants.

*T. Patterson,* for appellee.

BUSKIRK, J.—By the original complaint in this action the appellee sought to recover a personal judgment against both the appellants, upon a promissory note executed by them to John W. Miller, and which by successive assignments had become the property of the appellee.

After the issues had been formed, the plaintiff asked and obtained the leave of the court below to file an amended complaint, and thereupon he filed a complaint in three paragraphs, which must be regarded as a substituted complaint.

In the first paragraph, it was alleged that the defendants, by their promissory note, of the 2d day of Feb. 1869, agreed to pay to John W. Miller the sum of one hundred and eighteen dollars, which note had been assigned and was due and unpaid, etc.; that at the time when said note was so executed, the defendants were, and still ·are, husband and wife; that at such time Helen Hodson owned certain described real estate, in her own right and as her separate

property; that the note sued on was given for and in consideration of a certain horse, by the said Miller sold and delivered to Helen Hodson, and which horse was purchased and used for the sole and only use and benefit of the separate estate of the said Helen; and that the said David F. Hodson was at the time of such purchase and ever since had been hopelessly and notoriously insolvent.

The prayer of said paragraph was as follows:

" Wherefore plaintiff demands judgment that the said separate estate of the said Helen Hodson be charged with the payment of whatever is found to be due on said note as principal and interest, and also for the sum of fifty dollars attorneys' fees as provided in said note, and that the rents and profits arising from said lands be applied to the satisfaction of said debt, and for any and all other relief consistent in the premises."

The second paragraph of the complaint was the same as the first, except that, in the second, it was averred that the horse, which was the consideration of the note sued on, was sold solely upon the credit of the said Helen; that by the execution of such note, the said Helen intended thereby to charge her separate estate; and that said Miller sold his horse and took the said note expecting and believing that the same would create a lien upon the separate property of said Helen.

The third paragraph was the same as the first, except that it was averred that David F. Hodson was the principal in the said note, and the said Helen was his surety; that the said David F. was and is hopelessly and notoriously insolvent; that the said Helen was the owner in her own right of certain described lands, which she was engaged in cultivating; that she owned all the live-stock on said farm and received and appropriated to her sole and separate use all the products of the said farm; that the said David F. Hodson was a mere supernumerary in the household and about the premises of the said Helen, acting as her agent in the transaction of all her business and working merely for his

board and clothes; that the said horse was purchased for the purpose of aiding in the cultivation of the said farm of the said Helen, and ever since the purchase of said horse it had been used solely and only for such purpose; that the said Helen and her said separate property had been solely benefited by the said horse, and that when the said Helen executed the said note, she intended to charge her separate estate with the payment thereof.

The prayer of the second and third paragraphs of the complaint was the same as in the first.

The appellants demurred separately to each paragraph of the substituted complaint, but the demurrers were overruled, and they excepted.

David F. Hodson answered separately in three paragraphs. In the first, he attempted to defeat a recovery on the note, upon the ground that false and fraudulent representations had been made by Miller in reference to the horse for which the note was given. In the second, he set out a warranty and its breach.

The third was in denial.

The plaintiff replied in denial of the first and second paragraphs of the separate answer of David F. Hodson.

Helen Hodson answered separately in two paragraphs.

In the first paragraph of the separate answer of Helen, she admitted the execution of the note sued on, but averred that her co-defendant, David F., was the principal, and that she was the surety only; that at the time when said note was executed, she was and ever since had been the wife of her co-defendant, David F. Hodson; that the horse for which the note was given was not purchased for her benefit, or for the use and benefit of her separate estate.

In the second paragraph, she averred that at the time of the execution of the note sued on, she was, ever since that time has been, and still is, a married woman, the wife of her co-defendant, David F. Hodson, and that she signed the said note at the request of her said husband.

The plaintiff demurred separately to each of these para-

graphs. The court sustained the demurrers, and Helen refusing to plead further, the court rendered judgment against her, and she excepted.

The matters in issue between the plaintiff and David F. Hodson were submitted to a jury for trial. The jury returned the following verdict:

" We, the jury, find there is due the plaintiff on the note sued upon, as principal and interest, the sum of one hundred and twenty-one dollars and fifteen cents, and, also, that there is due the plaintiff the sum of twenty-five dollars as attorneys' fees.                    JOHN W. BURK, Foreman."

The defendants moved the court for a new trial, assigning therefor various reasons, which motion the court overruled, and they excepted.

The court thereupon rendered the following judgment:

" It is therefore considered by the court that the said Simon C. Davis do have and receive from the rents and profits of the said separate estate of the said Helen Hodson the sum of one hundred and twenty-one dollars and fifteen cents, as principal and interest of said note, and also the sum of twenty-five dollars as attorneys' fees in said cause, and that John H. Cochran be appointed a receiver, who in default of payment of said amounts by the said Helen Hodson shall take charge of said separate estate and retain the control of the same until the rents, issues, and profits thereof satisfy the sum so found to be due plaintiff as well as attorneys' fees and costs herein, to which judgment of the court defendant excepts."

The appellant David F. Hodson has assigned for error the refusal of the court to grant him a new trial.

We will dispose of this assignment of error before we consider the more important questions presented by the assignments of error of Helen Hodson.

The original and amended complaints are wholly inconsistent. In the first, a personal judgment was asked against both the defendants. In the second, the only judgment demanded was one *in rem* against the separate estate of

Helen. We are of the opinion that the last complaint filed was not an additional, but a substituted complaint, and being such the appellant David F. Hodson ceased to be a party against whom any relief was demanded.

All the proceedings subsequent to the filing of the substituted complaint, so far as they related to the said David F. Hodson, as a defendant against whom a judgment was demanded, were irregular and erroneous. There was nothing for him to answer in the substituted complaint. There was no real issue formed between him and the plaintiff. There was no question of fact submitted to the jury. The verdict rendered was a mere nullity. The said David F. Hodson was simply retained as a defendant by reason of his being the husband of the said Helen Hodson, against whom a judgment *in rem* was sought, and in that capacity he has properly joined in this appeal.

The appellant Helen Hodson has assigned for error the following :

1. The overruling of her motion for a new trial.

2. The overruling of the demurrer to the complaint.

3. The sustaining of the demurrer to the first and second paragraphs of the answer.

4. The rendition of the judgment.

The first assignment of error presents no question for our decision. As judgment was rendered against her on demurrer, there was no trial of fact as to her, the damages being assessed by the court by a mere computation. Where a party permits judgment to go on demurrer, and the court or jury hears proof as to the damages, a motion for a new trial is proper as to matters relating to the assessment of damages.

The fourth error is not available. The court very properly rendered judgment against her for want of an answer, upon her refusal to plead further. *Mangeot* v. *Block*, 11 Ind. 244 ; *Sage* v. *Matheny*, 14 Ind. 369.

Inasmuch as the second and third assignments of error present substantially the same question, we will consider

them together.    Was the appellee entitled to the relief
prayed for and granted, upon the facts stated in either para-
graph of the complaint?  and if he was, did the facts stated
in the answer constitute a defence ?   The facts stated in the
second paragraph of the complaint were  more favorable to
the appellee than  those in  the  other  paragraphs.   We will
therefore  consider the sufficiency of the second paragraph.

What are the material averments?   They are, that  David
F. and Helen  were  husband  and wife; Helen  owned and
held as her separate estate a valuable farm  which  she was
cultivating; that she owned all the farming implements and
live stock thereon and appropriated to her own separate use
all the products of said farm; that the horse, which was the
consideration for the note sued upon, was needed and exclu-
sively used for the cultivation, and was necessary to the full
and  complete  enjoyment  of  her  separate  property;  that
by the  execution  of  the  note  she  intended  to  create a
charge upon her separate estate; and  that the payee of the
note parted with his horse and accepted of the note in the
belief that he held a lien upon her separate estate.

It was said by this court, in  *O'Daily* v.  *Morris*,  31  Ind.
111, that "it is a rule of the  common  law, too familiar and
well settled to need the  citation  of authorities, that a *feme
covert* is incapable of binding  herself by an  executory  con-
tract, and that all such contracts made by a married woman,
whether in writing or by parol, are absolutely void at law.
There is nothing in the legislation of this  State  in relation
to married women changing this rule of the  common law,
at least so far as it applies to such contracts at large."

This court held in  *Johnson* v. *Tutewiler*,  35 Ind.  353, which
was an action upon a note  executed  by a  married woman
and her husband and to  enforce  a  mechanic's  lien  for
improvements made upon her  separate  property, that  the
note as to her was absolutely void and created no lien upon
her separate estate.   The note of Helen was void and cre-
ated neither a personal liability against her nor a lien upon
her separate property.

The fact that credit for goods sold to a married woman is given upon faith of her separate property, is not sufficient to create a charge against her land or income; she must also contract with regard to her separate property. *Hashea-gen* v. *Specker,* 36 Ind. 413, and authorities there cited. See also *Coats* v. *McKee,* 26 Ind. 223; *Stevens* v. *Parish,* 29 Ind. 260; *Montgomery* v. *Sprankle,* 31 Ind. 113; *Armstrong* v. *Nichols,* 32 Ind. 408.

As the note of Helen was void and did not create either a personal liability against her or a charge upon her separate property, it could not be used as evidence of an intention on her part to charge her separate property.

It is charged in the complaint that by the execution of the note she intended to create a charge upon her separate estate, and that the payee of the note parted with his horse and accepted of the note in the belief that he held a lien upon her separate estate.

It is not charged in the complaint that there was any agreement or contract, other than that contained in the note. The intent to charge her separate estate is only evidenced by the execution of the note. The note upon its face does not show any such purpose, and there being no independent agreement to that effect, the complaint does not show any contract to charge the separate estate of Helen. This renders it unnecessary for us to express any opinion as to whether a lien can be created upon the separate property of a married woman by the purchase of a horse to be used in the cultivation of a farm which she holds as her separate property.

We think the court erred in overruling the demurrer to the complaint.

Did the court, in sustaining the demurrer to the first paragraph of the answer, commit an error? In that paragraph Helen admitted the execution of the note, but averred that she then was the wife of her co-defendant; that her husband was the principal in said note, and that she signed it as his surety only; and that the horse, for which the note was

given, was not purchased for the use or benefit of her separate estate.

It is very obvious that if the horse in question was not purchased by her for the use and benefit of her separate estate, and if such horse was purchased by her husband, and if she only signed the note as his surety, no charge was created against her separate estate. The husband cannot by his contract create a lien or charge upon the separate estate of his wife. *Johnson* v. *Tutewiler, supra.*

· In our opinion, such paragraph of the answer would have constituted a valid defence to a good complaint, and the court erred in sustaining the demurrer thereto.

The only material averment in the second paragraph of the answer was, that she was a married woman at the time she executed the note. The same averment was in the first paragraph of the answer. The second paragraph was not good, but if it had been, there would have been no error in sustaining the demurrer to it, as the same proof could have been made under the first.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court to sustain the demurrer to the complaint, and for further proceedings in accordance with this opinion.