[No. 5026.]

## MARIA WOOD v. MARY J. ORFORD AND ROBERT J. ORFORD.

HUSBAND NOT LIABLE ON NOTE OF WIFE.—A personal judgment cannot be rendered against the husband on a promissory note given by the wife before the marriage.

PROMISSORY NOTE OF MARRIED WOMAN. — A married woman may bind herself by a promissory note, even if not given in a transaction respecting her separate property.

The defendants were husband and wife. On the 4th of February, 1875, when the defendant, Mary J., was the wife of one Fogg, she gave the plaintiff the promissory note on which this action was brought. She afterward, and before the commencement of this action, became the wife of defendant Robert J. The promissory note did not, on its face, express an intention on her part to charge her separate estate, nor was it alleged in the complaint that the consideration was obtained for the benefit of such estate, or that it aided in its protection or preservation. The Court below gave a joint judgment against the husband and wife. The defendants appealed.

*E. L. B. Brooks* and *George W. Tyler*, for the Appellants.

A married woman cannot bind herself by a promissory note unless it grew out of a transaction respecting her separate property.

That this note would be void at common law will not be disputed. Has the Code removed the disability of a married woman, *except to a certain extent?* And that respecting her sep-

arate property and transactions respecting it? We think not. Let us analyze the provisions of the Code. Sec. 1556 Civil Code simply denominates the persons capable of contracting, among which are married women, and that she can make *some kinds* of contracts is not disputed. And sec. 158 shows *what kind* of contracts a married woman may enter into. She can contract with her husband, or with any other person, "respecting property," the same as if unmarried. Sec. 158 is a limitation, clearly defined, upon her power to contract. There is no allegation that this promissory note grew out of a transaction " respecting property."

Sec. 167 being directly in conflict with sec. 153, was very properly amended so as to harmonize the two sections.

As it stood at first, a married woman could not bind herself by any contract for the " payment of money," even if that contract was respecting her separate property.

As amended, it leaves a married woman to make such contracts as sec. 158 provides that she may make.

Sec. 157, as amended in 1874, provides that the community property shall not be responsible for the contracts of the wife (as provided in sec. 158) unless by consent of husband, evidenced by his pledge or mortgage.

Neither the community property of Mr. and Mrs. Orford, or the separate property of Robert Orford, is responsible for this judgment, and therefore the judgment, as against him, is clearly erroneous.

*Bishop & Fifield* filed a brief on behalf of Appellants, as attorneys for one who, though not a party to the record, was interested in the question, in which they cited *Yale* v. *Dederer*, 22 N. Y. 450 ; *Peake* v. *Le Baw*, 21 N. J. 282 ; *Kimm* v. *Weippert*, 40 Mo. 542, 543 ; *Shannon* v. *Canney*, 44 N. H. 593 ; *Kantrowitz* v. *Prather*, 31 Ind. 92 ; *Terry* v. *Hammonds*, 47 Cal. 35, and argued that her promissory note was absolutely void at law, and cited *Hodson* v. *Davis*, 43 Ind. 258 ; *O'Daily* v. *Morris*, 31 Ibid. 111 ; *Jones* v. *Crosthwaite*, 17 Iowa, 397 ; *Emery* v. *Lord*, 26 Mich. 431 ; *Vance* v. *Wells*, 6 Ala. 737 ; *Whitworth* v. *Carter*, 43 Miss. 61; *Norris* v. *Lantz*, 18 Md. 260.

*Whelan & Le Breton*, for Respondent, argued that a married woman, under the Code, could bind herself as if she were a *femme sole*, and cited Civil Code, secs. 1556, 167 as revised, 171, 158, and secs. 4–20.

By the COURT:

On the facts disclosed by the pleadings, there can be no personal judgment against the husband. It is therefore ordered that the judgment be and it is hereby modified by limiting the same to the defendant Mary J. Orford.