## LONG ET AL. *v.* BROWN.

SPECIFIC PERFORMANCE.—*Contract to Convey Land.*—*Action against Widow and Heirs.*—*Evidence.*—*Declarations of Husband.*—*Agency.*—In an action against the widow and heirs of a decedent, to enforce specific performance of an alleged parol contract between the plaintiff and decedent, in the lifetime of the latter, for the conveyance of a tract of land sold by the decedent to the plaintiff, the latter proved an agreement between the plaintiff and the husband of one of the heirs, as to the location of a corner of such land, made during a survey thereof.

*Held,* that, though the husband was a nominal defendant, his agreement, without proof of his agency, binds neither his wife nor the other defendants.

SAME.—*Wife's Contract to Convey Void.*—*Ratification.*—A wife's agreement to join with her husband in conveying his land, pursuant to a contract of sale, is void, and can not be ratified by or enforced against her, on the death of her husband.

From the Delaware Circuit Court.

*W. March,* for appellants.

WORDEN, C. J.—This was an action by the appellee, Brown, against the appellants, who are the widow and heirs at law of Simeon Long, deceased, to enforce the specific performance of a contract for the sale of land.

It is claimed in the complaint, that Simeon Long, in his lifetime, sold to the plaintiff, Brown, a certain piece of

land, but died without having made a conveyance, and the object of the action against the widow and heirs was to procure a conveyance. It may be observed that one John Dragoo had married one of the daughters of the deceased, and he was also made a defendant to the action.

Issue was joined, and the cause tried by a jury, resulting in a verdict and judgment for the plaintiff, a new trial having been refused.

It seems that the exact identity of the land claimed to have been bought and sold could not be ascertained except by a survey, the sale having been made by a parol agreement; and the plaintiff, in the introduction of his evidence, called Jacob Bassinger and proved by him that, as he passed the land on one occasion, he was requested to stop and help survey it. The witness was asked by the plaintiff to state what, if anything, he knew about the plaintiff and Dragoo agreeing about a corner of the land in controversy. This evidence was objected to as irrelevant, and on the ground that Dragoo, as the husband of one of the heirs of the deceased, had no authority to make any agreement binding upon her, but the objection was overruled and exception taken; and thereupon the witness testified that Brown and Dragoo agreed upon a corner in the road.

The admission of this evidence, we think, was clearly erroneous. The admissions or agreements of Dragoo could in no manner bind his wife or any of the other defendants in the action. He was not shown to have been the agent of any of them. As husband he could not, by any admission or agreement that he could make, bind his wife in respect to her title or interest in land. He was but a nominal party to the action, having no interest in it. His agreement with Brown as to the corner of the land was no more binding upon the real parties in interest than would have been the agreement of any third person with Brown. See the case of *The Louisville, etc., R. W. Co. v. Richardson, ante,* p. 43.

There are some other questions made upon the evidence, which we pass over, as they may not arise upon another trial of the cause, and we are not favored with any brief for the appellee.

We may remark, however, that the case does not seem to have been made out as against Minerva Long, the widow of the deceased; and the judgment would have to be reversed as against her, if there was no error in the record requiring a reversal of the entire judgment. If she, with her husband, agreed to the sale of the land, her contract, she being covert, was utterly void. Such contract is not susceptible of ratification. Nothing short of a new, valid and binding contract, made after the death of her husband, upon a new consideration, can operate as a contract to deprive her of her interest in the land.

The judgment below is reversed, with costs, and the cause remanded for a new trial.