Filed June 11, 1891.

---

No. 15,337.

## AUSTIN v. DAVIS ET AL.

CONTRACT.—*Statute of Frauds.*—*Correspondence.*—If a contract which comes within the statute of frauds can be extracted from correspondence between the parties upon the subject of the contract, the statute is satisfied.

SAME.—*Agreement to Make Child an Heir.*—*Transfer of Property.*—*Trust.*—*Married Woman.*—*Void Contract.*—*Ratification.*—*Statute of Frauds.*—*Part Performance.*—Where a childless husband and wife, in consideration that a young girl should be surrendered to them, agreed to take her as their own child, provide for her and bring her up as their own, and at their death leave her all their property, and the husband afterwards adopted the child, to which the wife assented,

*Held*, that the husband was not restrained by the contract in the en-

Austin v. Davis *et al.*

joyment of his property, and that he could dispose of it as he pleased during his life, by gift or otherwise.

*Held,* also, that a conveyance in good faith in his lifetime of all his property to his wife vested in her an absolute title to the property, it not being charged with any trust in favor of the girl.

*Held,* also, that the contract was void as to the wife, because of her coverture when it was entered into, and incapable of ratification.

*Held,* also, that a new verbal contract made by the wife after the death of the husband was within the statute of frauds, and a part performance on the part of the girl did not take it out of the statute.

From the Marion Circuit Court.

U. J. Hammond and E. S. Rogers, for appellant.

T. S. Rollins, for appellees.

COFFEY, J.—The complaint in this cause consists of three paragraphs.

The material allegations in the first paragraph are, substantially, that in the year 1868, when the appellant was four years of age, John S. Johnson and Elizabeth D. Johnson, husband and wife, without children, and residing in the city of Indianapolis, proposed, in writing, to the mother of the appellant, then living alone with the appellant at the town of Neoga, in the State of Illinois, that if the said mother would surrender to them the appellant they would take her as their own child, provide for her and bring her up as their own, and at their death leave her all their property; that said proposition was contained in a letter written to the mother of the appellant by the said Elizabeth D. Johnson, and signed by her for her said husband, John S. Johnson, and herself; that the letter is lost and a copy can not be filed with the complaint; that said proposition was accepted and the custody of appellant surrendered to the said Johnson and Johnson; that in the year 1869 said John S. Johnson, by proceedings in the proper court, adopted the appellant as his daughter, and she thereupon took upon herself the name of Johnson; that the said Elizabeth Johnson was present in court at the time said proceedings were had

and gave her assent thereto, and thereafter promised the mother of the appellant that she would treat appellant as her daughter ; that thereafter the appellant remained with said Johnson and Johnson, rendering to them all the duties, affection and obedience due from a natural child until she was eighteen years of age, when, with their consent and approval, she intermarried with Charles Austin, which marriage occurred in the year 1882, and that during the time she so lived with them she was treated as their daughter ; that the said John S. Johnson departed this life intestate on the 6th day of April, 1887, having disposed of his property to the said Elizabeth D. Johnson while yet in life, and leaving no children except the appellant ; that the said Elizabeth D. Johnson at all times, up to the time of her death, treated the appellant as her daughter, and declared that she desired the appellant to have all her property after her death ; that the said Elizabeth D. Johnson died intestate on the 8th day of March, 1888, leaving no issue of her body nor the descendants of any issue, but leaving the appellant, whom she had, up to the time of her death, reared, trained and loved and held out to the world as her child, and whom she had declared, up to the time of her death, she desired to take and have all her property, both real and personal ; that the appellees claim to be the heirs of the said Elizabeth D. Johnson, and deny the right of the appellant to any portion of the property owned by the said Elizabeth at the time of her death.

This paragraph contains a description of the real estate owned by Elizabeth D. Johnson at the time of her death, and alleges that the personal estate amounts to the sum of nine hundred dollars, and prays that the right of the appellant to said property be ascertained and fixed by a proper decree.

The second paragraph of the complaint, in legal effect, does not differ materially from the first paragraph, except in that it alleges that Elizabeth D. Johnson was in court at

the time the record was made adopting the appellant by John S. Johnson, and believed herself to be a party thereto and to be bound thereby, and that she died in that belief; that the property conveyed by John S. Johnson to his wife, the said Elizabeth D. Johnson, was a voluntary conveyance and without any consideration whatever, and at the time she took the same she had full knowledge of the obligations of the said John S. Johnson to the appellant under the terms of said contract.

No question is made in this court in relation to the third paragraph of the complaint, and we need not, for that reason, state its contents.

The circuit court sustained a demurrer to each paragraph of the complaint, and the propriety of that ruling is called in question by a proper assignment of error.

This is not an action by the appellant to recover damages for a breach of the contract set up in the complaint, nor is it an action to recover the value of services rendered by the appellant to John S. Johnson and Elizabeth D. Johnson, but the complaint is constructed upon the theory that the appellant is entitled to specific performance.

It has been decided by this court that where a childless husband and wife, in consideration that a young girl should live with them until the death of both, in all respects as their own child, and render such services as she was capable of doing, orally agreed to make her their heir, and at their death, or the death of the survivor, to will her the entire estate of which they were possessed, consisting, at the death of the survivor, of real estate, and also of personal property exceeding in value fifty dollars, the agreement was within the statute of frauds, and that a performance on the part of the girl did not take it out of the statute. *Wallace v. Long,* 105 Ind. 522, and authorities there cited.

It is sought by the complaint before us to take the case at bar out of the rule announced in this case by alleging that the contract was embodied in a letter written to the mother

of the appellant.  If a contract which comes within the statute of frauds can be extracted from correspondence between the parties upon the subject of the contract, the statute is satisfied.  *Wills* v. *Ross*, 77 Ind. 1; *Thames, etc., Co.* v. *Beville*, 100 Ind. 309.

The allegations in relation to the letter, resulting in the contract set up in the complaint, are somewhat vague and uncertain.  We are left in doubt as to whether the name of John S. Johnson was signed to the letter which it is alleged was written to appellant's mother.

It is not alleged that John S. Johnson wrote the letter, but the allegation is that it was written by his wife, and signed by her for her husband and herself.  Assuming, however, that the letter was of such a character as to bind John S. Johnson, we are confronted with the question as to what were his duties and obligations under the terms of the contract contained therein.

It bound him to leave to the appellant whatever property he might possess at the time of his death.  This he could do in two ways, namely :

*First.*  By adopting the appellant, so that she would take the property by inheritance from him.

*Second.*  By the execution of a will, in proper legal form, so as to bequeath to her his property.

He chose to adopt the first mode, but before his death he conveyed and transferred, or caused to be conveyed and transferred, all his property to his wife, Elizabeth D. Johnson, and at the time of his death had no property which the appellant could inherit from him.

All the authorities agree that such a contract as the one now under consideration left John S. Johnson perfectly free and unrestrained in the enjoyment of his property, and that he could dispose of it as he pleased, at any time during his life, by gift or otherwise.  *Van Duyne* v. *Vreeland*, 12 N. J. Eq. 142 ; Jeremy Equity (1 Am. ed.) 401 ; 1 Story Eq. Jur., section 382.

Austin v. Davis ei al.

It is not claimed that the transfer made by John S. Johnson to his wife was made for the purpose of defrauding the appellant, and we must presume, therefore, that it was made in good faith, and for some lawful purpose.

Under these facts it can not be successfully maintained that John S. Johnson was guilty of any breach of the contract set out in the complaint. Nor are we able to perceive how it can be successfully maintained, by any process of legitimate reasoning, that the property of John S. Johnson became charged with any trust, since he was at liberty to dispose of it at his pleasure. Ordinarily, one who holds property in trust for another must keep it for the benefit of the *cestui que trust*. It would be idle to say that one has the legal right to dispose of his property in such manner as to him seemed best, even to making a donation of it, and at the same time say that the person taking it took it subject to a trust which might, in certain contingencies, be enforced.

We are not inclined to adopt the contention of the appellant that the property of John S. Johnson became charged with a trust in favor of the appellant, and that Elizabeth D. Johnson took it subject to such trust.

As John S. Johnson possessed the undoubted right to dispose of his property, we think his wife took the absolute title to the same free from any charge against it on account of any contract made by him with the appellant.

And this brings us to a consideration of the obligations and duties of Elizabeth D. Johnson under the contract in suit. At the time the contract was entered into she was a married woman, and the contract as to her was void for want of power in her to bind herself by such a contract. *Long v. Brown*, 66 Ind. 160; *Hodson v. Davis*, 43 Ind. 258; *O'Daily v. Morris*, 31 Ind. 111; *Johnson v. Tutewiler*, 35 Ind. 353; *Maher v. Martin*, 43 Ind. 314.

It is contended by the appellant that under the facts stated in the complaint it must be held that Mrs. Johnson, after she ceased to be a married woman, ratified the contract made by

her while under coverture, or that she made a new contract.

It appears by the complaint that the appellant became a married woman prior to the death of John S. Johnson, and while it does appear that she, subsequent to his death, resided with Mrs. Johnson under the same roof, she could not occupy that relation which she occupied prior to her marriage.

Furthermore, it is a general principle of law that a void contract can not be ratified, and this principle has been held to apply to the contracts of married women. *Long* v. *Brown, supra.* In this case it was said by this court, speaking of the contract of a married woman then in suit : " Such contract is not susceptible of ratification. Nothing short of a new, valid and binding contract, made after the death of her husband, upon a new consideration, can operate as a contract to deprive her of her interest in the land."

It is not claimed that Elizabeth D. Johnson made any new written contract after the death of her husband. If she made any contract at all it was a verbal one. As we have seen such a contract is within the statute of frauds and can not be enforced. *Wallace* v. *Long, supra.*

The appellant relies upon the case of *Van Tine* v. *Van Tine,* 13 Cen. Rep. 354, and the cases of *Sharkey* v. *McDermott,* 16 Mo. App. 80, and *Sharkey* v. *McDermott,* 91 Mo. 647. In each of these cases it was held that performance on the part of the child was sufficient part performance to take the case out of the statute of frauds. This is in direct conflict with *Wallace* v. *Long, supra,* and *Johns* v. *Johns,* 67 Ind. 440.

We can not follow the case of *Van Tine* v. *Van Tine, supra,* and the cases of *Sharkey* v. *McDermott, supra,* without overruling the case of *Wallace* v. *Long, supra,* and the cases upon which it rests. To hold that specific performance could be had in this case, as to the real estate of which Mrs. Johnson died seized, there being no valid written contract between the appellant and Mrs. Johnson, and no pos-

session of such real estate having been surrendered under the contract, would also be in conflict with the cases of *Atkinson* v. *Jackson,* 8 Ind. 31, *Watson* v. *Mahan,* 20 Ind. 223, *Lafollett* v. *Kile,* 51 Ind. 446; *Law* v. *Henry,* 39 Ind. 414, *Stater* v. *Hill,* 10 Ind. 176; *Moreland* v. *Lemasters,* 4 Blackf. 383; and *Arnold* v. *Stephenson,* 79 Ind. 126.

In our opinion the court did not err in sustaining the demurrer to the complaint before us.

Judgment affirmed.

Filed March 12, 1891; petition for a rehearing overruled June 12, 1891.