## H. SERFASS ET AL. v. F. DREISBACH.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF MONROE COUNTY.

Argued March 9, 1891—Decided March 23, 1891.

Omissions of the court below to charge specifically are not assignable for error, where no points for instruction were presented. If parties desire specific instructions, it is their duty to request them to be given.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 10 January Term 1891, Sup. Ct.; court below, No. 7 February Term 1887, C. P.

On January 10, 1887, Henry Serfass and others brought ejectment against Franklin Dreisbach, for a tract of fifty acres in Tunkhannock township. Issue.

At the trial on November 15, 1888, the court, DREHER, P. J., directed a verdict in favor of the plaintiffs. Judgment having

Arguments.

been entered, the defendant took a writ of error to the Supreme Court, and on April 29, 1889, the judgment was reversed with a venire facias de novo: Dreisbach v. Serfass, 126 Pa. 32.

At the second trial, on September 28, 1889, the case presented by the testimony was submitted to the jury by the court, DREHER, P. J., without points for instruction presented by either party. The jury returned a verdict for the plaintiffs. A rule for a new trial having been discharged and judgment entered, the defendant took this appeal, specifying, inter alia, that the court erred:

" AS TO ERRORS UPON THE FACTS:

1. " In stating to the jury that the considerations were to be kept and performed.

2. " That the plaintiffs must show that they had performed in good faith substantially the considerations of Mrs. Serfass in the contract.

3. " That Dreisbach admitted that he and Serfass were together talking about the alleged agreement, without Dreisbach's qualification as to the time and place.

4–7. [These were of like form.]

8. " In not charging the jury that there was no evidence in the case to show the plaintiff's performance of the considerations in her contract with Mr. Berger, or of their performance of their promises in the alleged agreement with Dreisbach, the defendant; and that the verdict should be for the defendant.

" AS TO MATTER OF LAW:

9. " In not charging the jury that the plaintiff's action is founded upon an equitable title; that, in so far as the principles upon which it is founded are concerned, the rules by which it is to be governed and the ground-work of the judgment, this action is similar to a bill in equity; and that ejectment upon an equitable title is in substance a bill for specific performance, and is therefore governed by general principles of equity."

10–13. [These were of like form.]

*Mr. H. Hakes* (with him *Mr. Henry J. Kotz*), for the appellant.

*Mr. Charlton Burnett,* for the appellees, was not heard.

PER CURIAM:

The learned judge of the court below submitted this case to the jury in a fair and adequate charge. This disposes of the first seven assignments of error. The remaining assignments allege that the court erred in not charging as suggested in said assignments. These are sins of omission only; and, as no such points were submitted, we would be loth to convict the learned judge of error in not doing what he was not asked to do. If counsel desired more specific instructions, they should have asked for them.

Judgment affirmed.