HAMILTON R. SOPER ET AL., Appellees, v. MELISSA GALLOWAY ET AL., Appellants.

**Statute of frauds:** ORAL CONTRACT FOR TRANSFER OF LAND. An oral contract for a gift of land in consideration of the support of the owner during his natural life, followed by possession and full performance, is not within the statute of frauds, although the premises were impressed with the homestead character.

**Same.** Where the parents of plaintiffs entered into an oral contract with the owner of land by which, in consideration of his care and support during his natural life, the same should belong to them at the owner's death, followed by possession and performance during the life of the parents, and after their death their heirs continued to perform their agreements with the consent of the owner, such heirs upon his death were entitled to the land.

*Appeal from Buchanan District Court.*— HON. A. S. BLAIR, Judge.

Wednesday, December 13, 1905.

Action in equity to determine and quiet title to real estate. The opinion states the case. There was a decree in favor of plaintiffs, and the defendants appeal.— *Affirmed.*

*H. C. Chappell,* for appellants.

*C. E. Ransier* and *Springer & Smith,* for appellees.

Bishop, J.— In the year 1886, Cornelius Van Ausdol was the owner of the real estate in question, consisting of a farm of eighty acres in Buchanan county. He was a man well along in years, unmarried, childless, and addicted to the immoderate use of intoxicating liquors. It is the contention of plaintiffs that in the year named, Van Ausdol entered into an oral contract with his sister, Tillitha Soper, and her husband, George W. Soper, whereby it was agreed that the latter should remove to and take up their residence upon and operate such farm, and should board and care for the former during the remainder of his natural life; that at his death, and in consideration of such service, they should become the owners of the farm. While the fact of the contract is the subject of more or less dispute, it is certain that the Soper family, including these plaintiffs, son and daughter, went into possession, and from the year 1886 down to the year 1900, gave to Van Ausdol the comforts of a home and the care needed — apparently a task of no mean proportions, especially when helpless from intoxication. In December, 1900, Tillitha Soper died, and in the next year she was followed in death by her husband. Each died intestate, and leaving these plaintiffs as their only heirs at law. Thereafter plaintiff Hamilton Soper, maintained the home, and continued to care for Van Ausdol down

to the time of his death, which occurred in April, 1903. The latter also died intestate.

Plaintiffs insist that they " are now entitled to a. conveyance of said premises, and to a specific performance," for that said contract has been fully performed, by the

**1. Statute of frauds: oral contract for the transfer of land.**

parents in their lifetime, and by plaintiffs thereafter. It is the argument that out of the contract and the performance thereof, an equitable estate in the lands arose in favor of their parents, which, upon their death, descended to plaintiffs; moreover, that having continued to perform on their own part, and with full acquiescence on the part of Van Ausdol, they became parties to the contract by substitution, and hence they are entitled to the relief demanded by them, not only by inheritance, but as in their own right. The defendants are relatives of Van Ausdol of various degree. In their answer they deny generally. Further they say that the contract as pleaded by plaintiffs, if such there was, is void under the statute, because not in writing. Our reading of the record satisfies us that the making of the contract alleged was fully proven, and that possession was taken thereunder. So, too, it cannot be doubted but that such was followed by full and satisfactory performance. And as to a situation thus appearing, the statute of frauds has no application. *Winkleman v. Winkleman*, 79 Iowa, 319; *Caldwell v. Drummond*, 127 Iowa, 134. And such a contract is enforceable even where the premises are impressed with the homestead character. *Drake v. Painter*, 77 Iowa, 731.

It is a contention of defendants, made in argument, that the contract, if made, was purely personal in character, and for that reason terminated at once upon the death of

**2. Same.**

the parents of plaintiffs. There is no merit in this contention. We need not determine what the rights of the parties would have been had Van Ausdol refused to accept a continuation of service at the hands of

plaintiffs. He did accept of such service, and in view thereof, and of the relation of the parties, we think it must be said that within the understanding of each, such substituted performance was in compliance with the contract requirements, and to be followed by the same measure of rights which, had their death not intervened, would have accrued to the parents of plaintiffs. This conclusion has support in the following cases: *Gray v. Murray*, 3 Johns. Ch. 167; *Francois v. Ocks*, 2 E. D. Smith, 417; *Long v. Hartwell*, 34 N. J. Law, 124; *Lawrence v. Dole*, 11 Vt., 555; *Dana v. Hancock*, 30 Vt. 620; *Serfass v. Dreisbach*, 141 Pa. 142 (21 Atl. Rep. 523).

We conclude that there was no error in the decree, and it is *affirmed*.