## HORTON v. STEGMYER et al.

### (Circuit Court of Appeals, Eighth Circuit. January 5, 1910.)

### No. 3,106.

*(Syllabus by the Court.)*

1. DIVORCE (§ 167*)—EQUITY (§ 67*)—LACHES—FIVE YEARS' DELAY TO SUE TO AVOID DIVORCE CONSTITUTES.

   Five years' delay after discovery of the fraud to commence suit to avoid a decree of divorce therefor constitutes such laches as will defeat the suit, where the limitation of the analogous action at law is three years.

   In courts of equity the estoppel of laches takes the place of statutes of limitation, and they apply it in analogy to the limitation of the like action at law.

   [Ed. Note.—For other cases, see Divorce, Cent. Dig. § 541; Dec. Dig. § 167;* Equity, Cent. Dig. §§ 191–196; Dec. Dig. § 67.*]

2. COURTS (§ 262*) — EQUITY JURISDICTION OF FEDERAL COURTS — RELIEF AGAINST JUDGMENTS.

   A federal court sitting in equity has jurisdiction to disregard or to enjoin the enforcement of an unconscionable judgment of a state or of a national court for new causes, such as fraud, accident, or mistake which led the court into the rendition of a wrong judgment, or prevented the judgment defendant from availing himself of a meritorious defense.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 797, 798; Dec. Dig. § 262.*]

3. FRAUDS, STATUTE OF (§ 75*)—PAROL CONTRACT TO DEVISE REAL PROPERTY VOID.

   An oral agreement to devise real property, or real and personal property, is void under the statute of frauds.

   [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 132; Dec. Dig. § 75.*]

4. FRAUDS, STATUTE OF (§ 129*)—PARTIAL PERFORMANCE—EXCEPTION.

   A partial performance of such a contract, by delivery of possession of the property to the proposed devisee, or by other like acts which are unavoidably referable to the agreement, will except it from the rule.

   [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 287–292; Dec. Dig. § 129.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**5. Frauds, Statute of (§ 129*)—Acts Requisite to Constitute Partial Performance.**

An act or acts which clearly appear to have been such as the performing party would not have done in the absence of the agreement, or without a direct view to its performance, are indispensable to constitute the partial performance which will take an oral agreement out of the statute.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 292; Dec. Dig. § 129.*]

**6. Frauds, Statute of (§ 150*)—Pleading—When Demurrer Presents Objection.**

When the fact that the contract was oral affirmatively appears on the face of the bill, the objection that it is void under the statute of frauds may be taken by demurrer. When that fact does not thus appear, it must be presented by answer.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 360–362; Dec. Dig. § 150.*]

Appeal from the Circuit Court of the United States for the District of Colorado.

Bill by Emma W. Horton against Caroline Stegmyer, otherwise called Caroline S. Horton, and others. Decree for defendants, and complainant appeals. Affirmed.

F. C. Goudy and E. T. Wells (John M. Woy, on the brief), for appellant.

John A. Rush, for appellees.

Before SANBORN and VAN DEVANTER, Circuit Judges, and WILLIAM H. MUNGER, District Judge.

SANBORN, Circuit Judge. At some time prior to July, 1900, Ariel P. Horton was married to the complainant, Emma W. Horton. They were residents of Arapahoe county, in the state of Colorado, and the law of that state required that a suit for divorce should be brought in the county in which one of the parties resided or last resided. Rev. St. Colo. 1908, § 2116; Branch v. Branch, 30 Colo. 499, 506, 71 Pac. 632. They went to Jefferson county, in that state, where a summons and complaint in a suit for divorce brought by Horton were served upon the complainant in this suit, she gave written authority to some one to appear for her in that case, and on July 31, 1901, a decree of divorce was rendered therein by the county court of Jefferson county, wherein the complainant was allowed $900 permanent alimony and $25 attorney's fees, and each of the parties was forbidden to marry again within a year. In November, 1901, Horton was married to Caroline Stegmyer, the defendant in this suit. Thereupon the complainant filed a petition in the county court of Jefferson county against Horton, in which she set forth the foregoing facts, made other allegations, and prayed that the decree of divorce be vacated. Horton answered this petition, and on April 30, 1902, paid to the complainant $1,250, and she released him from all claims, debts, demands, and causes of action of whatsoever kind or nature which she had or might have against him. In November, 1907, Horton died, and on January 2, 1908, the complainant exhibited her bill in the court below, wherein she besought that court to annul the decree of divorce and to declare her to be the

sole heir at law of Horton, or, in case any other person should be held to be his heir, that the latter should be required to convey to the complainant an undivided half of the property which Horton owned when he died. The complainant set forth in her bill the facts which have been stated, and alleged that Horton secured her consent to the decree of divorce by misrepresentations, false promises, abuse, and cruelty, and that he obtained her subsequent release in 1902 of all claims upon him and causes of action against him by false representations, by the payment of the $1,250, and by an oral promise to devise to her at least one-half in value of his estate, which consists of real estate in the state of Colorado. The court below sustained a demurrer to and dismissed this bill, and this is the ruling questioned by the appeal.

The complainant's cause of action is founded upon two grounds, which will be considered in their order. The first is that she is the sole heir at law of Horton, because the decree of divorce was obtained by means of a fraud perpetrated upon her by him, and a fraud perpetrated upon her and the court by the same person. She pleads in detail false representations, false promises, abuse, and cruelty, which she alleges induced her to consent to the decree, and the false representation that she and her husband were residents of Jefferson county, which induced the court of that county to take jurisdiction of their case and to grant the decree.

The decree of divorce was not void. The pleadings disclosed the admitted fact that the parties were residents of Jefferson county and that the court had jurisdiction of the subject-matter and of the parties. Pleading and proof of facts dehors the record in that case, which evidence the alleged fraud upon the court or that upon the complainant, are indispensable to the vacation or disregard of that decree by this or any court.

A federal court sitting in equity has jurisdiction to disregard or to enjoin the enforcement of an unconscionable judgment of a state or of a national court for new causes, such as fraud, accident, or mistake, which deceive the court into a wrong decree, or which prevent the judgment defendant from availing himself of a meritorious defense that was not fairly presented to the court which rendered the judgment. But it has no power to take such action on account of errors or irregularities in the proceedings on which the judgment or decree is founded, or on account of erroneous or illegal decisions by the court which rendered the judgment or decree. The reason of this rule is that cases of the former class present new controversies, which have never been raised in other courts, while cases of the latter class invoke a jurisdiction which does not exist, a jurisdiction in a federal court to review and revise the acts and decisions of courts of co-ordinate jurisdiction upon questions which they have lawfully considered and adjudged. National Surety Company v. State Bank of Humboldt, 56 C. C. A. 657, 662, 664, 120 Fed. 593, 598, 600, 61 L. R. A. 394, and cases there cited. The decree of the state court is therefore valid, and it must be enforced and respected, unless the complainant has pleaded facts evidencing such a fraud as will warrant a disregard of it.

But she is met here by the objection that she knew all the facts she pleads as early as April, 1902; that she did not file her bill until Janu-

ary, 1908; that Horton, against whom her cause of action arose, and who in his lifetime was the principal witness in defense of her claim, died before she brought her suit; and that the statutes of Colorado provided:

"Bills for relief on the ground of fraud shall be filed within three years after the discovery by the aggrieved party of the facts constituting such fraud, and not afterwards." Rev. St. Colo., 1908, § 4072.

The complainant, therefore, knew all the facts constituting the frauds upon which she relies more than five years before she filed her bill. In courts of equity the equitable estoppel of laches takes the place of statutes of limitation. But in its application these courts act or refuse to act in analogy to the statutes applicable to actions at law of like character. Under ordinary circumstances a suit in equity will be sustained within, and will not be sustained without, the limitation of the analogous action at law. If a suit is brought after the statutory time for the similar action at law has expired, the burden is on the complainant to show by suitable averments in his bill that it would be inequitable to apply it to his case. Kelley v. Boettcher, 29 C. C. A. 14, 21, 85 Fed. 55, 62, and cases there cited; Wilson v. Plutus Mining Company et al., 174 Fed. 317, 98 C. C. A. 189.

The only excuse for the delay for over five years in the commence-ment of this suit which the complainant pleads is that during that time Horton repeatedly informed her that he regretted his past misconduct and his separation from her, declared that the proceedings for the divorce were a mere farce, and reiterated his promise to provide for her to the extent of at least one-half of his estate. But the complainant could not have failed to know that the decree of divorce was not a farce, that it was conclusive on the face of the record, and that in the faith that it was actually so the defendant married Horton, and the latter died. The limitation of the analogous action at law expired more than two years before this suit was commenced; the testimony of Horton, of the witness who, after the complainant, knew more than any other person about the facts which she charges constituted the frauds upon which she relies to avoid the effect of the decree and to procure his estate for herself, has been lost to the defendant and to the court through her delay; and it would be inequitable and unjust to entertain her suit now, after death and her laches have made the truth so difficult to discover. Nothing but conscience, good faith, and reasonable diligence can call a court of equity into action. "The strongest equity may be forfeited by laches or abandoned by acquiescence.' Peebles v. Reading, 8 Serg. & R. (Pa.) 493; Great Western Min. Co v. Woodmas of Alston Min. Co., 14 Colo. 90, 23 Pac. 908; Sullivan v. Portland, etc., R. R. Co., 94 U. S. 806, 811, 24 L. Ed. 324; Swift v. Smith, 25 C. C. A. 154, 157, 79 Fed. 709, 712.

The second ground upon which the complainant relies to secure relief is that in April, 1902, to induce her to sign the written release, Horton orally promised her, and at various times thereafter reiterated that promise, to provide for her in his will at least to the extent of one-half in value of his property. According to the averments of the bill Horton agreed to sell and by his will to convey to the complainant

at his decease one-half in value of the property he should own at that time, and to pay her $1,250 immediately in consideration of her release of all claims upon and causes of action against him. But this was a contract of sale of real estate, for the bill discloses the fact that Horton's estate consisted of real property, and the statutes of Colorado provided that:

"Every contract for the leasing for a longer period than one year, or for the sale of any lands or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof, expressing the consideration, be in writing, and be subscribed by the party by whom the lease or sale is to be made." Rev. St. Colo. § 2662.

And an oral agreement to devise real property, or real and personal property, is void under the statute of frauds and under this statute. Browne on the Statute of Frauds, § 263, and authorities in note 1; Hale v. Hale, 90 Va. 728, 19 S. E. 739, 740; Ellis v. Cary, 74 Wis. 176, 42 N. W. 252, 4 L. R. A. 55, 17 Am. St. Rep. 125; In re Kessler's Estate, 87 Wis. 660, 59 N. W. 129, 41 Am. St. Rep. 74; Gould v. Mansfield, 103 Mass. 408, 409, 4 Am. Rep. 573; Harder v. Harder, 2 Sandf. Ch. (N. Y.) 19; Wallace v. Long, 105 Ind. 522, 5 N. E. 666, 55 Am. Rep. 222; Neal v. Neal, 69 Ind. 419; Johns v. Johns, 67 Ind. 440; Austin v. Davis, 128 Ind. 472, 26 N. E. 890, 892, 12 L. R. A. 120, 25 Am. St. Rep. 456.

There is an exception to this rule. It is that part performance of such an agreement by delivery of possession of the property to the proposed devisee, or by other similar acts which are unavoidably referable to the contract, will take it out of the statute, as they will other parol contracts to sell land. Townsend v. Vanderwerker, 160 U. S. 171, 184, 16 Sup. Ct. 258, 40 L. Ed. 383; Young v. Young, 51 N. J. Eq. 491, 27 Atl. 627; Soper v. Galloway, 129 Iowa, 145, 105 N. W. 399; Gupton v. Gupton, 47 Mo. 37, 46. And there are cases in which long and patient service in reliance upon such a contract have been held to constitute such a part performance as would render the agreement enforceable. Stone v. Todd, 49 N. J. Law, 274, 8 Atl. 300; Rhodes v. Rhodes, 3 Sandf. Ch. 279. But the part performance which will withdraw such a contract from the ban of the statute must consist of an act or of acts which it clearly appears that the performing party would not have done in the absence of the agreement or without a direct view to its performance. Gunter v. Halsey, 2 Ambler's Reports, 586; Frame v. Dawson, 14 Ves. 386; Phillips v. Thompson, 1 Johns. Ch. (N. Y.) 131; Wright v. Puckett, 22 Grat. (Va.) 370; Maddison v. Alderson, 8 App. Cas. 467; Browne on the Statute of Frauds, § 455. No such acts of part performance were pleaded in the case before us. The only acts alleged were the execution of the release, the dismissal of the petition to vacate the decree, and the delay in bringing this suit, and all these acts are referable to the payment of the $1,250, and consistent with the absence of any agreement by Horton to devise to the complainant any part of his property. They fail to bring the contract within the exception, and it was subject to the rule, and was void.

Counsel for the complainant contend that the objection that the contract is void under the statute of frauds may not be presented by

demurrer. But the rule is that this objection may be presented when the fact that the agreement was made by parol affirmatively appears on the face of the bill, as it does in the case in hand, although when that fact does not appear the objection must be raised by answer. Randall v. Howard, 67 U. S. 585, 17 L. Ed. 269.

The decree below must accordingly be affirmed, and it is so ordered.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes